IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBIN RYNN                                    *
7461 Broken Staff                             *
Columbia, Maryland 21045                       *
                                              *
DANIEL MASON                                   *
6441 Freetown                                 *
Columbia, Maryland 21044                       *        HON.
                                              *
JOHN RYNN & AMY GREER-RYNN                     *
9250 Seawind Court                            *
Columbia, Maryland 21045                       *        CIVIL ACTION NO.:
                                              *
          Plaintiffs,                          *
                                              *
     v.                                        *
                                              *
OFFICER JAMES JAFFE, ID#                        *
OFFICER ANTHONY BAKER, ID#                      *
SERGEANT R. DELISE, ID#                         *
and other DC Metropolitan police               *
officers, currently unknown,                   *
Individually, and in their Official Capacities, *
DC Metropolitan Police Department              *
Washington, DC 20001,                          *
                                              *
          Defendants.                          *
                                              *
*************************************************************************

## COMPLAINT WITH DEMAND FOR JURY TRIAL

The Plaintiffs, Daniel Mason, John Rynn and Robin Rynn, and Amy Greer-Rynn, by and

through undersigned counsel, Russell A. Neverdon, Sr., Esq., sue the Defendants, Officer J.B.

Harrison, Officer James Jaffe, Officer A. Baker, Sgt. R. Delise, along with other police officers of

the DC Metropolitan Police Department, who are presently unknown (collectively referenced

hereinafter as the "Defendants").

For causes of action against all Defendants, the Plaintiffs allege the following as true:

1

## INTRODUCTION

1.      That this case seeks compensatory and punitive damages, costs, and attorney's fees for substantive violations of the Plaintiffs' due process rights as guaranteed under federal and under the common law, stemming from the intentional brutalization, false arrest, false imprisonment and malicious prosecution orchestrated by the Defendants and suffered by the Plaintiffs, and for redress from the unrelenting acts of harassment and malicious abuse of judicial process and retaliatory actions committed against the Plaintiffs in violation of the Plaintiffs' civil rights and rights to have and enjoy equal protection under law.

## JURISDICTION AND VENUE

2.      That this matter arises under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.  That pendant claims have also been brought pursuant to common law.

3.      That this Honorable Court has jurisdiction over the subject matter and over the parties hereto pursuant to 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 (federal question) and 1343(a)(3) and (4) (civil rights).

4.      That venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because all of the events, omissions and unlawful conduct as complained hereof, and giving rise hereto, occurred in the District of Columbia, which is within the territorial limits of this juridical district.

5.      That this action is lawfully authorized and sanctioned by 28 U.S.C. §§ 1331, 1343 and 1367.

6.      That the recovery of all costs and reasonable attorney's fees is sought pursuant to 42 U.S.C. § 1988 and Fed.R.Civ.P. 54.

## PARTIES

7.    That Plaintiff Robin Rynn is an adult citizen of the United States of America and at all times relevant to the matters alleged in the instant complaint, Plaintiff Robin Rynn was a resident of Baltimore, Maryland.

8.    That Plaintiff John Rynn is an adult citizen of the United States of America and at all times relevant to the matters alleged in the instant complaint, Plaintiff John Rynn was a resident of Baltimore, Maryland.

9.    That Plaintiff Daniel Mason is an adult citizen of the United States of America and at all times relevant to the matters alleged in the instant complaint, Plaintiff Daniel Mason was a resident of Baltimore, Maryland.

10.    That Plaintiff Amy Greer-Rynn is an adult citizen of the United States of America and at all times relevant to the matters alleged in the instant complaint, Plaintiff Amy-Greer-Rynn was a resident of Baltimore, Maryland.

11.    That Defendant James Jaffe ("Jaffee"), is a police officer employed by the DC Metropolitan Police Department and at all relevant times herein Defendant Jaffee was an employee and agent of the DC Metropolitan Police Department and the Mayor and the District of Columbia.  That at all relevant times Defendant Jaffee was acting within the scope of his employment.  That at all relevant times Defendant Jaffee was acting under color of law, that means that Defendant Jaffee was at all times relevant, acting pursuant to authority granted to him by statutes, ordinances, regulations, policies, practices, customs, and/or usage of the District of Columbia.  That Defendant Jaffee is being sued in both his individual and official capacities.

12.    That Defendant A. Baker ("Baker"), is a police officer employed by the DC Metropolitan Police Department and at all relevant times herein Defendant Baker was an employee and agent of the DC Metropolitan Police Department and the Mayor and the District of Columbia.  That at all

relevant times Defendant Baker was acting within the scope of his employment.  That at all relevant times Defendant Baker was acting under color of law, that means that Defendant Baker was at all times relevant, acting pursuant to authority granted to him by statutes, ordinances, regulations, policies, practices, customs, and/or usage of the District of Columbia.  That Defendant BAker is being sued in both his individual and official capacities.

13.     That Defendant R. Delise ("Delise"), is a police officer employed by the DC Metropolitan Police Department and at all relevant times herein Defendant Delise was an employee and agent of the DC Metropolitan Police Department and the Mayor and the District of Columbia.  That at all relevant times Defendant Delise was acting within the scope of his employment.  That at all relevant times Defendant Delise was acting under color of law, that means that Defendant Delise was at all times relevant, acting pursuant to authority granted to him by statutes, ordinances, regulations, policies, practices, customs, and/or usage of the District of Columbia.  That Defendant Delise is being sued in both his individual and official capacities.

## FACTS COMMON TO ALL COUNTS

14.     That the allegations in Paragraphs 1-13 are hereby realleged and incorporated by reference as though fully set forth herein.

15.     That on or about October 20, 2002, Plaintiffs Daniel Mason, Robin Rynn and John Rynn, a Baltimore City Police Officer, were traveling within the territorial jurisdiction of the District of Columbia in a limousine sedan they had rented to transport them around the city.  That shortly after leaving a local eatery, they stopped into a store and were in the midst of re-entering the limousine sedan they had rented to transport.

16.     That while attempting to re-enter the limousine, the Plaintiffs Robin Rynn and John Rynn were approached by an unknown DC metropolitan officer who instructed the Plaintiffs not to enter because he was going to issue a citation to the driver of the limousine.

4

17.    That shortly thereafter Defendant Jaffee, along with other still presently unknown DC Metropolitan police officers arrived on the scene.  That at about the same time and vicinity, Plaintiff Mason, had finished paying the restaurant bill and was walking toward the limousine.  That when Defendant Jaffee saw Plaintiff Mason, Defendant Jaffee ordered Plaintiff Mason to pick up an empty and crushed beer can and other debris located on the ground near the limousine.

18.    That Plaintiff Mason inquired as to why he should pick up trash that he did not place on the ground and received a response from Defendant Jaffee that a count of ten was going to be given and if the trash was not picked up, he was going to jail.  That Plaintiff Robin Rynn out of fear and disbelief re-entered the limousine as Plaintiff Mason was bending over to pick up the trash and advised Plaintiff John Rynn of the situation.

19.    That as Plaintiff Mason attempted to comply with Defendant Jaffee's request, he was immediately grabbed force by Jaffee and told he was being placed under arrest for littering and for possession of an open container of alcohol.

20.    That Plaintiff Robin Rynn along with Plaintiff John Rynn, rolled down their respective windows of the limousine and asked why was Plaintiff Mason being placed under arrest.

21.    That Plaintiff John Rynn exited the limousine when he recognized that a sergeant was present at the scene and inquired as to what was going on and what could be done to resolve the situation.

22.    That Defendant Delise stated, "nothing could be done," and ordered Plaintiff John Rynn back to the limousine, at which time Officer Jaffee opened the door and slammed it on Plaintiff John Rynn's leg.  That Plaintiff John Rynn immediately yelled out in pain and advised all nearby presently unknown DC Metropolitan Police Department officers that he had just been assaulted by Defendant Jaffee and demanded for someone, other than Defendant Delise, and more specifically, Plaintiff John Rynn requested that a representative from internal affairs department ("IAD") be

contacted. That Defendant Jaffee opened the door, looked around and pulled the door to his own leg and stated," now that's an assault."

23. That suddenly and without provocation, Plaintiff John Rynn, who had previously identified himself as a Baltimore City police officer, was violently pulled from the vehicle, thrown onto the ground and was repeatedly and violently kicked, stomped and pummeled by Jaffee, Baker and other still presently unknown DC Metropolitan police officers. That simultaneously, Robin Rynn, was also forcibly grabbed, removed from the vehicle, and body slammed against the hood of a police cruiser and then was forced onto the ground face first by Jaffee, Baker and other still presently unknown DC Metropolitan police officers.

24. That Plaintiffs Robin Rynn, John Rynn, Daniel Mason were placed under arrest and transported to a nearby detention facility and/or precinct. That Amy Grieer-Rynn watched in horror as her husband, sister-in-law and former brother-in-law were brutally assaulted and placed in restraints. That further, she was yelled at, threatened with arrest and called "white trash, trailer trash and white bitch" several times by Defendant Baker

25. That while traveling en route to the police station, Plaintiff Robin Rynn was left isolated and alone with Defendant Baker. That while traveling in a convoy type formation, Defendant Baker abruptly deviated and traveled down an isolated and dark street.

26. That Defendant Baker pulled over and came to a complete stop and sexually solicited Plaintiff Robin Rynn. That Defendant Baker advised in exchange for oral sex, she could somehow get out of the present situation. That more specifically, in a lewd, crude, foul, obnoxious and offensive manner, Defendant Baker stated to Plaintiff Robin Rynn, "the only way you can get out of this is to suck my dick you dumb bitch, you have no driver's license, do you know how long it will take to process you and get released."

27.     That at all times relevant thereto, other still unknown DC metropolitan police officers failed to offer any assist the Plaintiffs and/or further incited the outrageous conduct and behavior of the Defendants Jaffee, Baker and Delise.

28.     That upon arrival at a DC Metropolitan police precinct holding facility, Plaintiff Robin Rynn was denied permission to use the bathroom despite making repeated requests.  That it was later discovered that she was visually observed by unknown DC Metropolitan male police officers who made sexually inappropriate comments as to her body parts that were exposed.

29.     That an unknown DC Metropolitan female police officer responded to Plaintiff Robin Rynn's comments when the officer questioned why Plaintiff Robin Rynn had relieved herself on the floor.  That the officer further stated that Plaintiff Robin Rynn was being watched via video surveillance.

30.     That Plaintiff Daniel Mason, after placed under arrest, had his cash of approximately $600.00 stored in one specific pocket, removed from his person and held in front of him as it was waived with taunting jestures by an unknown police officer.  That further, the monies were never inventoried nor returned to Plaintiff Daniel Mason.

31.     That Plaintiffs Daniel Mason and Robin Rynn were further denied their right to challenge the charges as they were advised with misrepresentations when paying to be released and further, denied copies of any charging documents which recorded the events of October 20, 2002.

32.     That the Plaintiffs have suffered and will continue to suffer emotional pain, physical suffering, mental anxiety, stress, loss of enjoyment of life, and other non-pecuniary losses as a direct and proximate result of Defendant Jaffee, Baker and Delise's reckless disregard for the Plaintiffs' rights and the concomitant malicious conduct of these Defendants.

33.    That the Plaintiffs have sustained pecuniary losses as a direct and proximate result of Defendant Jaffee, Baker and Delise's reckless disregard for the Plaintiffs' rights and the concomitant malicious conduct of these Defendants.

34.    That the Plaintiffs did not contribute in any manner or way to any of their injuries as aforesaid.  That at all times relevant hereto, the Plaintiffs were victims, and were not under the influence of any alcohol or drugs, were unarmed and free of any form of weapons and were without a means of defending themselves against the unlawful, willful and malicious actions of Defendants Jaffee, Baker and Delise.

35.    The actions of Defendants Jaffee, Baker and Delise as alleged above deprived the Plaintiffs of the following rights under the United States Constitution: (a) freedom from the use of excessive and unreasonable force; (b) freedom from deprivation of liberty without due process of law; (c) freedom from unreasonable seizure without due process of law and (d) freedom from cruel and unusual punishment.

36.    The direct and proximate result of the actions of Defendants Jaffee, Baker and Delise in: (a) assaulting the Plaintiffs; (b) battering the Plaintiffs; (c) falsely arresting and imprisoning the Plaintiffs, violated 42 U.S.C. § 1983, the Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments to the United States Constitution, without reasonable justification or cause.  Said alleged acts of Defendants Jaffee, Baker and Delise were all performed by Defendants Jaffee, Baker and Delise without warrant or justification, or probable cause, and were grossly negligent, wanton, reckless, deliberate, negligent, malicious, intentional and willful.

## COUNT ONE
### (Assault and Battery)
### John Rynn-Jaffe

37.    That the allegations in Paragraphs 1-36 are hereby realleged and incorporated by reference into Count One as though fully set forth herein.

38.    That Jaffee's acts of: (a) violently pulling Plaintiff John Rynn from the vehicle; (b) throwing Plaintiff John Rynn onto the ground; (c) repeatedly and violently kicking, stomping and pummeling Plaintiff John Rynn; (d) threatening the Plaintiff John Rynn with the use of additional force with the present ability to carry out such threats; (e) unlawfully restraining Plaintiff John Rynn's freedom and liberty without cause; (f) placing Plaintiff John Rynn under arrest; (g) transporting Plaintiff John Rynn to a police precinct detention facility and falsely imprisoning Plaintiff John Rynn was cruel and offensive and caused Plaintiff John Rynn to suffer great bodily harm, and created fear and apprehension of imminent bodily harm or offensive bodily contact in Plaintiff John Rynn's mind. That the foregoing acts of Defendant Jaffee were done without any legal basis, excuse or justification.

39.    That at no time did Plaintiff John Rynn consent to any unlawful touching or offensive contact by Defendant Jaffee and at no point in time did Plaintiff John Rynn act in such a manner that would provoke, warrant, or justify the brutal assault inflicted on him by Defendant Jaffee.

40.    That as a direct and proximate result of the unlawful conduct and actions of Defendant Jaffee, Plaintiff John Rynn sustained serious painful physical injury and mental anguish damages.

WHEREFORE, Plaintiff John Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Jaffee, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendant Jaffee, along with such other and further relief to which he may be entitled.

9

## COUNT TWO
### (Assault and Battery)
### John Rynn-Baker

41.     That the allegations in Paragraphs 1-40 are hereby realleged and incorporated by reference into Count Two as though fully set forth herein.

42.     That Defendant Baker's acts of: (a) violently pulling Plaintiff John Rynn from the vehicle; (b) throwing Plaintiff John Rynn onto the ground; (c) repeatedly and violently kicking, stomping and pummeling Plaintiff John Rynn; (d) threatening the Plaintiff John Rynn with the use of additional force with the present ability to carry out such threats; (e) unlawfully restraining Plaintiff John Rynn's freedom and liberty without cause; (f) placing Plaintiff John Rynn under arrest; (g) transporting Plaintiff John Rynn to a police precinct detention facility and falsely imprisoning Plaintiff John Rynn was cruel and offensive and caused Plaintiff John Rynn to suffer great bodily harm, and created fear and apprehension of imminent bodily harm or offensive bodily contact in Plaintiff John Rynn's mind.  That the foregoing acts of Defendant Baker were done without any legal basis, excuse or justification.

43.     That at no time did Plaintiff John Rynn consent to any unlawful touching or offensive contact by Defendant Baker and at no point in time did Plaintiff John Rynn act in such a manner that would provoke, warrant, or justify the brutal assault inflicted on him by Defendant Baker.

44.     That as a direct and proximate result of the unlawful conduct and actions of Defendant Baker, Plaintiff John Rynn sustained serious painful physical injury and mental anguish damages.

        WHEREFORE, Plaintiff John Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Baker, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendant Baker, along with such other and further relief to which he may be entitled.

## COUNT THREE
### (42 U.S.C. § 1983)
### John Rynn-Jaffee, Baker, Delise

45.     That the allegations in Paragraphs 1-44 are hereby realleged and incorporated by reference into Count Three as though fully set forth herein.

46.     That the willful and malicious actions committed by Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers against Plaintiff John Rynn were unlawful and abusive and constituted an unreasonable and excessive use of force prohibited by the United States Constitution.

47.     That the recited acts of Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers were committed under color of law and pursuant to the customs and usage of the District of Columbia and thereby deprived Plaintiff John Rynn of the following rights, privileges, and immunities secured to Plaintiff John Rynn by the Constitution and laws of the United States of America: (a) the right to enjoy security of the person and to be free from arrest, except upon probable cause, supported by oath or affirmation (Fourth Amendment); (b) the right to be informed of the true nature and cause of the accusation against him (Sixth Amendment); (c) the right to free from unreasonable seizure (Fourth Amendment); (d) the right not to be deprived of liberty, without due process of law (Fifth and Fourteenth Amendments); (e) the rights reserved to Plaintiff John Rynn   by the Constitution of the United States (Ninth and Tenth Amendments); and (f) the right to have and enjoy equal protection under law (Fourteenth Amendment).

48.     That the aforesaid actions of Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers were committed while Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers were acting pursuant to authority granted to them by statutes, ordinances, regulations, policies, practices, customs, and/or usage of the District of Columbia.

49.     That as a direct and proximate result of the unlawful conduct and actions of Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers Plaintiff John Rynn sustained severe and painful physical injuries, mental suffering and anxiety, incurred legal and medical expenses and was deprived of his physical liberty for a substantial period of time.

WHEREFORE, Plaintiff John Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers, along with such other and further relief to which he may be entitled.

## COUNT FOUR
### (False Arrest and False Imprisonment)
### John Rynn-Jaffee

50.     That the allegations in Paragraphs 1-49 are hereby realleged and incorporated by reference into Count Four as though fully set forth herein.

51.     That the intentional and malicious acts of Defendant Jaffee by force, threats of force and by false assertion of legal authority and legal basis, caused Plaintiff John Rynn to be unlawfully arrested and confined, thus depriving Plaintiff John Rynn of his physical liberty and freedom of movement against Plaintiff John Rynn's will.

52.     That as a direct and proximate result of the unlawful, willful, intentional and malicious acts of Defendant Jaffee, Plaintiff John Rynn sustained economic and non-economic damages for conscience pain, suffering, humiliation, inconvenience, and embarrassment that Plaintiff John Rynn was forced to endure during the time that he was in police custody.

WHEREFORE, Plaintiff John Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Jaffee, and Ten Million Dollars ($10,000,000.00) in punitive

damages from Defendant Jaffee, along with such other and further relief to which he may be entitled.

## COUNT FIVE
### (False Arrest and False Imprisonment)
### John Rynn-Baker

53.     That the allegations in Paragraphs 1-52 are hereby realleged and incorporated by reference into Count Five as though fully set forth herein.

54.     That the intentional and malicious acts of Defendant Baker by force, threats of force and by false assertion of legal authority and legal basis, caused Plaintiff John Rynn to be unlawfully arrested and confined, thus depriving Plaintiff John Rynn of his physical liberty and freedom of movement against Plaintiff John Rynn's will.

55.     That as a direct and proximate result of the unlawful, willful, intentional and malicious acts of Defendant Baker, Plaintiff John Rynn sustained economic and non-economic damages for conscience pain, suffering, humiliation, inconvenience, and embarrassment that Plaintiff John Rynn was forced to endure during the time that he was in police custody.

WHEREFORE, Plaintiff John Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Baker, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendant Baker, along with such other and further relief to which he may be entitled.

## COUNT SIX
### (False Arrest and False Imprisonment)
### John Rynn-Delise

56.     That the allegations in Paragraphs 1-55 are hereby realleged and incorporated by reference into Count Six as though fully set forth herein.

57.     That the intentional and malicious acts of Defendant Delise by force, threats of force and by false assertion of legal authority and legal basis, caused Plaintiff John Rynn to be unlawfully arrested

and confined, thus depriving Plaintiff John Rynn of his physical liberty and freedom of movement against Plaintiff John Rynn's will.

58.    That as a direct and proximate result of the unlawful, willful, intentional and malicious acts of Defendant Delise, Plaintiff John Rynn sustained economic and non-economic damages for conscience pain, suffering, humiliation, inconvenience, and embarrassment that Plaintiff John Rynn was forced to endure during the time that he was in police custody.

WHEREFORE, Plaintiff John Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Delise, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendant Delise, along with such other and further relief to which he may be entitled.

## COUNT SEVEN
### (Abuse of Judicial Process)
### John Rynn-Jaffee

59.    The allegations in Paragraphs 1-58 are hereby realleged and incorporated by reference into Count Seven as though fully set forth herein.

60.    That Defendant Jaffee unlawfully deprived Plaintiff John Rynn of his right to be free from physical brutality, harassment, violence, intimidation, and his right to be free of false arrest and false imprisonment, without probable cause and his right to have all the rights afforded to him under the Constitution of the United States and the District of Columbia and all the laws executed thereunder, and his right to be free of motivated harassment and violence.

61.    That Defendant Jaffee carried out his intentions as aforesaid by committing the overt acts complained of herein.

62.    That as a direct and proximate result of the intentional and malicious acts of Defendant Jaffee, Plaintiff John Rynn suffered severe physical and emotional injuries. That Plaintiff John Rynn did not contribute to his injuries which solely caused by the vicious, maniacal actions of Defendant

Jaffee.

WHEREFORE, Plaintiff John Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Jaffee, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendant Jaffee, along with such other and further relief to which he may be entitled.

**COUNT EIGHT**
**(Defamation)**
**John Rynn-Jaffee, Baker & Delise**

63.    That the allegations in Paragraphs 1-62 are hereby realleged and incorporated by reference into Count Nine as though fully set forth herein.

64.    That Defendants Jaffee, Delise, Baker and other unknown DC metropolitan police officers knowingly filed criminal complaints falsely alleging that Plaintiff John Rynn committed crimes against the District of Columbia, *e.g.*, failure to obey a lawful command, possession of an open container of alcohol.

65.    That Defendants Jaffee, Deal, Baker and other unknown DC metropolitan police officers knowingly made false and defamatory statements and allegations against and about Plaintiff John Rynn both within and outside of said criminal complaint.

66.    That said false and defamatory statements and allegations have been published both within and outside of said criminal complaint and have been made a matter of public record.

67.    That Plaintiff John Rynn is a law abiding citizen who is the parent of minor children and is a well-respected member of his community.

68.    That the aforesaid false and defamatory statements and allegations were extremely damaging to Plaintiff John Rynn's character and reputation.

69.    That Defendants Jaffee, Delise, Baker and other unknown DC metropolitan police officers unknown acted with knowledge of the falsity of the statements and allegations and with the intent to

expose Plaintiff John Rynn to public scorn, hatred, contempt and ridicule.

70.     That as result of the false and defamatory statements and allegations made by

Defendants, Jaffee, Delise, Baker and other unknown officers, the character and reputation of

Plaintiff John Rynn has been and will continue to be harmed; that his standing and reputation in his

community has been and will continue to be impaired and Plaintiff John Rynn has suffered and will

continue to suffer mental anguish and personal humiliation.

WHEREFORE, Plaintiff John Rynn demands One Million Dollars ($1,000,000.00) in

compensatory damages from Defendants Jaffee, Baker, Delise and other presently unknown DC

metropolitan police officers and Ten Million Dollars ($10,000,000.00) in punitive damages from

Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers,

along with such other and further relief to which he may be entitled.

### COUNT NINE
### (False Light)
### John Rynn-Jaffee, Baker & Delise

71.     That the allegations in Paragraphs 1-70 are hereby realleged and incorporated by reference

into Count Ten as though fully set forth herein.

72.     That Defendants Jaffee, Delise, Baker and other unknown DC metropolitan police officers

filed a criminal complaint falsely alleging that Plaintiff John Rynn committed crimes against the

District of Columbia.

74.     That Defendants Jaffee, Delise, Baker and other unknown DC metropolitan police officers

knowingly made false and defamatory statements and allegations against and about Plaintiff John

Rynn both within and outside of said criminal complaint.

75.     That said false and defamatory statements and allegations were published both within and

outside of said criminal complaint and have been made a matter of public record.

76.     That by falsely claiming that Plaintiff John Rynn committed various crimes against

the District of Columbia, Defendants Jaffee, Baker Delise and other unknown officers improperly publicized facts that placed Plaintiff John Rynn in a false light by attributing to him characteristics, conduct or beliefs which were false.

77.    That Defendants Jaffee, Delise, Baker and other unknown DC metropolitan police officers acted with knowledge of the falsity of their aforesaid statements or with reckless disregard of the truth.

78.    That the publication of the aforesaid facts would be highly offensive to any reasonable person.

79.    That as a result of the false and defamatory statements and allegations made by Defendants Jaffee, Delise, Baker and other unknown officers, the character and reputation of Plaintiff John Rynn has been and will continue to be harmed, their standing and reputation in the community have been and will continue to be impaired and they have suffered and will continue to suffer mental anguish and personal humiliation.

WHEREFORE, Plaintiff John Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers, along with such other and further relief to which he may be entitled.

## COUNT TEN
### (Negligence)
### John Rynn-Jaffee, Baker, Delise

80.    That the allegations in Paragraphs 1-79 are hereby realleged and incorporated by reference into Count Ten as though fully set forth herein.

81.    That at all relevant times Defendants Jaffee, Baker, Delise and other unknown DC metropolitan police officers were negligent by: (a) violently pulling Plaintiff John Rynn from the

vehicle; (b) throwing Plaintiff John Rynn onto the ground; (c) repeatedly and violently kicking, stomping and pummeling Plaintiff John Rynn; (d) threatening the Plaintiff John Rynn with the use of additional force with the present ability to carry out such threats; (e) unlawfully restraining Plaintiff John Rynn's freedom and liberty without cause; (f) placing Plaintiff John Rynn under arrest; (g) transporting Plaintiff John Rynn to a police precinct detention facility and falsely imprisoning Plaintiff John Rynn was cruel and offensive and caused Plaintiff John Rynn to suffer great bodily harm, and created fear and apprehension of imminent bodily harm or offensive bodily contact in Plaintiff John Rynn's mind. That the foregoing acts of Defendants Jaffee, Baker, Delise and other unknown DC metropolitan police officers were committed without any legal basis, excuse or justification.

WHEREFORE, Plaintiff John Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers, along with such other and further relief to which he may be entitled.

### COUNT ELEVEN
**(Assault and Battery)**
**Robin Rynn-Jaffe**

82. That the allegations in Paragraphs 1-81 are hereby realleged and incorporated by reference into Count Eleven as though fully set forth herein.

83. That Jaffee's acts of: (a) violently pulling Plaintiff Robin Rynn from the vehicle; (b) throwing Plaintiff Robin Rynn onto the ground; (c) threatening the Plaintiff Robin Rynn with the use of additional force with the present ability to carry out such threats; (e) unlawfully restraining Plaintiff Robin Rynn's freedom and liberty without cause; (f) placing Plaintiff Robin Rynn under arrest; (g) transporting Plaintiff Robin Rynn to a police precinct detention facility; (h) falsely imprisoning

Plaintiff Robin Rynn; (i) not permitting Plaintiff Robin Rynn to use the bathroom and forcing her to urinate on the floor and all the time while being viewed and/or watched via video surveillance, was cruel and offensive and caused Plaintiff Robin Rynn to suffer great bodily harm, and created fear and apprehension of imminent bodily harm or offensive bodily contact in Plaintiff Robin Rynn's mind. That the foregoing acts of Defendant Jaffee were committed without any legal basis, excuse or justification.

84.     That at no time did Plaintiff Robin Rynn consent to any unlawful touching or offensive contact by Defendant Baker and at no point in time did Plaintiff Robin Rynn act in such a manner that would provoke, warrant, or justify the brutal assault inflicted on her by Defendant Jaffee.

85.     That as a direct and proximate result of the unlawful conduct and actions of Defendant Jaffee, Plaintiff Robin Rynn sustained serious painful physical injury and mental anguish damages.

WHEREFORE, Plaintiff Robin Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Jaffee, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendant Jaffee, along with such other and further relief to which she may be entitled.

## COUNT TWELVE
### (Assault and Battery)
### Robin Rynn-Baker

86.     That the allegations in Paragraphs 1-85 are hereby realleged and incorporated by reference into Count Thirteen as though fully set forth herein.

87.     That Baker's acts of: (a) violently pulling Plaintiff Robin Rynn from the vehicle; (b) throwing Plaintiff Robin Rynn onto the ground; (c) threatening the Plaintiff Robin Rynn with the use of additional force with the present ability to carry out such threats; (e) unlawfully restraining Plaintiff Robin Rynn's freedom and liberty without cause; (f) pulling and sexually soliciting Plaintiff Robin Rynn; (g) placing Plaintiff Robin Rynn under arrest; (h) transporting Plaintiff Robin Rynn to a police

precinct detention facility; (i) falsely imprisoning Plaintiff Robin Rynn; (j) not permitting Plaintiff Robin Rynn to use the bathroom and forcing her to urinate on the floor and all the time while being viewed and/or watched via video surveillance, was cruel and offensive and caused Plaintiff Robin Rynn to suffer great bodily harm, and created fear and apprehension of imminent bodily harm or offensive bodily contact in Plaintiff Robin Rynn's mind.  That the foregoing acts of Defendant Baker were committed without any legal basis, excuse or justification.

88.    That at no time did Plaintiff Robin Rynn consent to any unlawful touching or offensive contact by Defendant Baker and at no point in time did Plaintiff Robin Rynn act in such a manner that would provoke, warrant, or justify the brutal assault inflicted on him by Defendant Baker.

89.    That as a direct and proximate result of the unlawful conduct and actions of Defendant Baker, Plaintiff Robin Rynn sustained serious painful physical injury and mental anguish damages.

WHEREFORE, Plaintiff Robin Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Baker, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendant Baker, along with such other and further relief to which she may be entitled.

## COUNT THIRTEEN
### (42 U.S.C. § 1983)
### Robin Rynn-Jaffee, Baker, Delise

90.    That the allegations in Paragraphs 1-89 are hereby realleged and incorporated by reference into Count Thirteen as though fully set forth herein.

91.    That the willful and malicious actions committed by Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers against Plaintiff Robin Rynn were unlawful and abusive and constituted an unreasonable and excessive use of force prohibited by the United States Constitution.

92.    That the recited acts of Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers were committed under color of law and pursuant to the customs and usage of the District of Columbia and thereby deprived Plaintiff Robin Rynn of the following rights, privileges, and immunities secured to Plaintiff Robin Rynn by the Constitution and laws of the United States of America: (a) the right to enjoy security of the person and to be free from arrest, except upon probable cause, supported by oath or affirmation (Fourth Amendment); (b) the right to be informed of the true nature and cause of the accusation against him (Sixth Amendment); (c) the right to free from unreasonable seizure (Fourth Amendment); (d) the right not to be deprived of liberty, without due process of law (Fifth and Fourteenth Amendments); (e) the rights reserved to Plaintiff Robin Rynn    by the Constitution of the United States (Ninth and Tenth Amendments); and (f) the right to have and enjoy equal protection under law (Fourteenth Amendment).

93.    That the aforesaid actions of Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers were committed while Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers were acting pursuant to authority granted to them by statutes, ordinances, regulations, policies, practices, customs, and/or usage of the District of Columbia.

94.    That as a direct and proximate result of the unlawful conduct and actions of Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers Plaintiff Robin Rynn sustained severe and painful physical injuries, mental suffering and anxiety, incurred legal and medical expenses and was deprived of his physical liberty for a substantial period of time.

WHEREFORE, Plaintiff Robin Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers, and Ten Million Dollars ($10,000,000.00) in punitive damages from

Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers, along with such other and further relief to which he may be entitled.

## COUNT FOURTEEN
### (False Arrest and False Imprisonment)
### Robin Rynn-Jaffee

95.    That the allegations in Paragraphs 1-94 are hereby realleged and incorporated by reference into Count Fourteen as though fully set forth herein.

96.    That the intentional and malicious acts of Defendant Jaffee by force, threats of force and by false assertion of legal authority and legal basis, caused Plaintiff Robin Rynn to be unlawfully arrested and confined, thus depriving Plaintiff Robin Rynn of her physical liberty and freedom of movement against Plaintiff Robin Rynn's will.

97.    That as a direct and proximate result of the unlawful, willful, intentional and malicious acts of Defendant Jaffee, Plaintiff Robin Rynn sustained economic and non-economic damages for conscience pain, suffering, humiliation, inconvenience, and embarrassment that Plaintiff Robin Rynn was forced to endure during the time that she was in police custody.

WHEREFORE, Plaintiff Robin Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Jaffee, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendant Jaffee, along with such other and further relief to which she may be entitled.

## COUNT FIFTEEN
### (False Arrest and False Imprisonment)
### Robin Rynn-Baker

98.    That the allegations in Paragraphs 1-97 are hereby realleged and incorporated by reference into Count Fourteen as though fully set forth herein.

99.    That the intentional and malicious acts of Defendant Baker by force, threats of force and by false assertion of legal authority and legal basis, caused Plaintiff Robin Rynn to be unlawfully

arrested and confined, thus depriving Plaintiff Robin Rynn of her physical liberty and freedom of movement against Plaintiff Robin Rynn's will.

100.    That as a direct and proximate result of the unlawful, willful, intentional and malicious acts of Defendant Baker, Plaintiff Robin Rynn sustained economic and non-economic damages for conscience pain, suffering, humiliation, inconvenience, and embarrassment that Plaintiff Robin Rynn was forced to endure during the time that she was in police custody.

WHEREFORE, Plaintiff Robin Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Jaffee, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendant Jaffee, along with such other and further relief to which she may be entitled.

## COUNT SIXTEEN
### (False Arrest and False Imprisonment)
### Robin Rynn-Delise

101.    That the allegations in Paragraphs 1-100 are hereby realleged and incorporated by reference into Count Fourteen as though fully set forth herein.

102.    That the intentional and malicious acts of Defendant Delise by force, threats of force and by false assertion of legal authority and legal basis, caused Plaintiff Robin Rynn to be unlawfully arrested and confined, thus depriving Plaintiff Robin Rynn of her physical liberty and freedom of movement against Plaintiff Robin Rynn's will.

103.    That as a direct and proximate result of the unlawful, willful, intentional and malicious acts of Defendant Jaffee, Plaintiff Robin Rynn sustained economic and non-economic damages for conscience pain, suffering, humiliation, inconvenience, and embarrassment that Plaintiff Robin Rynn was forced to endure during the time that she was in police custody.

WHEREFORE, Plaintiff Robin Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Jaffee, and Ten Million Dollars ($10,000,000.00) in punitive

damages from Defendant Jaffee, along with such other and further relief to which she may be entitled.

Amendment).

## COUNT SEVENTEEN
### (Abuse of Judicial Process)
### Robin Rynn-Jaffee

104.    The allegations in Paragraphs 1-103 are hereby realleged and incorporated by reference into Count Seventeen as though fully set forth herein.

105.    That Defendant Jaffee unlawfully deprived Plaintiff Robin Rynn of her right to be free from physical brutality, harassment, violence, intimidation, and his right to be free of false arrest and false imprisonment, without probable cause and his right to have all the rights afforded to him under the Constitution of the United States and the District of Columbia and all the laws executed thereunder, and his right to be free of motivated harassment and violence.

106.    That Defendant Jaffee carried out his intentions as aforesaid by committing the overt acts complained of herein.

107.    That as a direct and proximate result of the intentional and malicious acts of Defendant Jaffee, Plaintiff Robin Rynn suffered severe physical and emotional injuries.  That Plaintiff John Rynn did not contribute to his injuries which solely caused by the vicious, maniacal actions of Defendant Jaffee.

WHEREFORE, Plaintiff Robin Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Jaffee, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendant Jaffee, along with such other and further relief to which she may be entitled.

## COUNT EIGHTEEN
### (Defamation)
### John Rynn-Jaffee, Baker & Delise

108.    That the allegations in Paragraphs 1-107 are hereby realleged and incorporated by reference into Count Eighteen as though fully set forth herein.

109.    That Defendants Jaffee, Delise, Baker and other unknown DC metropolitan police officers knowingly filed criminal complaints falsely alleging that Plaintiff Robin Rynn committed crimes against the District of Columbia, *e.g.*, failure to obey a lawful command.

110.    That Defendants Jaffee, Delise, Baker and other unknown DC metropolitan police officers knowingly made false and defamatory statements and allegations against and about Plaintiff Robin Rynn both within and outside of said criminal complaint.

111.    That said false and defamatory statements and allegations have been published both within and outside of said criminal complaint and have been made a matter of public record.

112.    That Plaintiff Robin Rynn is a law abiding citizen who is the parent of minor children and is a well-respected member of her community.

113.    That the aforesaid false and defamatory statements and allegations were extremely damaging to Plaintiff Robin Rynn's character and reputation.

114.    That Defendants Jaffee, Delise, Baker and other unknown DC metropolitan police officers unknown acted with knowledge of the falsity of the statements and allegations and with the intent to expose Plaintiff John Rynn to public scorn, hatred, contempt and ridicule.

115.    That as result of the false and defamatory statements and allegations made by Defendants, Jaffee, Delise, Baker and other unknown officers, the character and reputation of Plaintiff Robin Rynn has been and will continue to be harmed; that her standing and reputation in her community has been and will continue to be impaired and Plaintiff Robin Rynn has suffered and will continue to suffer mental anguish and personal humiliation.

WHEREFORE, Plaintiff Robin Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendants Jaffee, Baker, Delise and other presently unknown DC

metropolitan police officers and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers, along with such other and further relief to which she may be entitled.

## COUNT NINETEEN
### (False Light)
### Robin Rynn-Jaffee, Baker & Delise

116.    That the allegations in Paragraphs 1-115 are hereby realleged and incorporated by reference into Count Nineteen as though fully set forth herein.

117.    That Defendants Jaffee, Delise, Baker and other unknown DC metropolitan police officers filed a criminal complaint falsely alleging that Plaintiff Robin Rynn committed crimes against the District of Columbia.

118.    That Defendants Jaffee, Delise, Baker and other unknown DC metropolitan police officers knowingly made false and defamatory statements and allegations against and about Plaintiff Robin Rynn both within and outside of said criminal complaint.

119.    That said false and defamatory statements and allegations were published both within and outside of said criminal complaint and have been made a matter of public record.

120.    That by falsely claiming that Plaintiff Robin Rynn committed various crimes against the District of Columbia, Defendants Jaffee, Baker Delise and other unknown officers improperly publicized facts that placed Plaintiff Robin Rynn in a false light by attributing to her characteristics, conduct or beliefs which were false.

121.    That Defendants Jaffee, Delise, Baker and other unknown DC metropolitan police officers acted with knowledge of the falsity of their aforesaid statements or with reckless disregard of the truth.

122.    That the publication of the aforesaid facts would be highly offensive to any reasonable person.

123.    That as a result of the false and defamatory statements and allegations made by Defendants Jaffee, Delise, Baker and other unknown officers, the character and reputation of Plaintiff Robin Rynn has been and will continue to be harmed, her standing and reputation in the community have been and will continue to be impaired and Plaintiff Robin Rynn have suffered and will continue to suffer mental anguish and personal humiliation.

WHEREFORE, Plaintiff Robin Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers, along with such other and further relief to which she may be entitled.

## COUNT TWENTY
### (Negligence)
### Robin Rynn-Jaffee, Baker, Delise

124.    That the allegations in Paragraphs 1-123 are hereby realleged and incorporated by reference into Count Twenty as though fully set forth herein.

125.    That at all relevant times Defendants Jaffee, Baker, Delise and other unknown DC metropolitan police officers were negligent by: (a) violently pulling Plaintiff Robin Rynn from the vehicle; (b) throwing Plaintiff Robin Rynn onto the ground; (c) threatening the Plaintiff Robin Rynn with the use of additional force with the present ability to carry out such threats; (e) unlawfully restraining Plaintiff Robin Rynn's freedom and liberty without cause; (f) placing Plaintiff Robin Rynn under arrest; (g) transporting Plaintiff Robin Rynn to a police precinct detention facility; (h) falsely imprisoning Plaintiff Robin Rynn; (i) not permitting Plaintiff Robin Rynn to use the bathroom and forcing her to urinate on the floor and all the time while being viewed and/or watched via video surveillance, was cruel and offensive and caused Plaintiff Robin Rynn to suffer great bodily harm, and created fear and apprehension of imminent bodily harm or offensive bodily

contact in Plaintiff Robin Rynn's mind. That the foregoing acts of Defendants Jaffee, Baker, Delise and other unknown DC metropolitan police officers were committed without any legal basis, excuse or justification.

WHEREFORE, Plaintiff Robin Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers, along with such other and further relief to which she may be entitled.

### COUNT TWENTY-ONE
**(Assault and Battery)**
**Daniel Mason-Jaffe**

126.    That the allegations in Paragraphs 1-125 are hereby realleged and incorporated by reference into Count Twenty-one as though fully set forth herein.

127.    That Jaffee's acts of: (a) threatening the Plaintiff Daniel Mason with the use of additional force with the present ability to carry out such threats; (b) unlawfully restraining Plaintiff Daniel Mason's freedom and liberty without cause; (c) placing Plaintiff Daniel Msson under arrest; (d) transporting Plaintiff Daniel Mason to a police precinct detention facility and falsely imprisoning Plaintiff Dnaiel Mason was cruel and offensive and caused Plaintiff Daniel Mason to suffer great bodily harm, and created fear and apprehension of imminent bodily harm or offensive bodily contact in Plaintiff Daniel Mason's mind. That the foregoing acts of Defendant Jaffee were done without any legal basis, excuse or justification.

128.    That at no time did Plaintiff Daniel Mason consent to any unlawful touching or offensive contact by Defendant Jaffee and at no point in time did Plaintiff Daniel Mason act in such a manner that would provoke, warrant, or justify the brutal assault inflicted on him by Defendant Jaffee.

129.    That as a direct and proximate result of the unlawful conduct and actions of Defendant Jaffee, Plaintiff Daniel Mason sustained serious painful physical injury and mental anguish damages.

WHEREFORE, Plaintiff Daniel Mason demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Jaffee, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendant Jaffee, along with such other and further relief to which he may be entitled.

### COUNT TWENTY-TWO
#### (Assault and Battery)
#### Daniel Mason-Baker

130.    That the allegations in Paragraphs 1-129 are hereby realleged and incorporated by reference into Count Twenty-two as though fully set forth herein.

131.    That Defendant Baker's acts of: (a) threatening the Plaintiff Daniel Mason with the use of additional force with the present ability to carry out such threats; (b) unlawfully restraining Plaintiff Daniel Mason's freedom and liberty without cause; (c) placing Plaintiff Daniel Mason under arrest; (d) transporting Plaintiff Daniel Mason to a police precinct detention facility and falsely imprisoning Plaintiff Daniel Mason was cruel and offensive and caused Plaintiff Daniel Mason to suffer great bodily harm, and created fear and apprehension of imminent bodily harm or offensive bodily contact in Plaintiff Daniel Mason's mind.  That the foregoing acts of Defendant Baker were done without any legal basis, excuse or justification.

132.    That at no time did Plaintiff Daniel Mason consent to any unlawful touching or offensive contact by Defendant Baker and at no point in time did Plaintiff Daniel Mason act in such a manner that would provoke, warrant, or justify the brutal assault inflicted on him by Defendant Baker.

133.    That as a direct and proximate result of the unlawful conduct and actions of Defendant Baker, Plaintiff Daniel Mason sustained serious painful physical injury and mental anguish damages.

WHEREFORE, Plaintiff John Rynn demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Baker, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendant Baker, along with such other and further relief to which he may be entitled.

### COUNT TWENTY-THREE
### (42 U.S.C. § 1983)
### Daniel Mason-Jaffee, Baker, Delise

134.    That the allegations in Paragraphs 1-133 are hereby realleged and incorporated by reference into Count Twenty-three as though fully set forth herein.

135.    That the willful and malicious actions committed by Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers against Plaintiff Daniel Mason were unlawful and abusive and constituted an unreasonable and excessive use of force prohibited by the United States Constitution.

136.    That the recited acts of Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers were committed under color of law and pursuant to the customs and usage of the District of Columbia and thereby deprived Plaintiff Daniel Mason of the following rights, privileges, and immunities secured to Plaintiff Daniel Mason by the Constitution and laws of the United States of America: (a) the right to enjoy security of the person and to be free from arrest, except upon probable cause, supported by oath or affirmation (Fourth Amendment); (b) the right to be informed of the true nature and cause of the accusation against him (Sixth Amendment); (c) the right to free from unreasonable seizure (Fourth Amendment); (d) the right not to be deprived of liberty, without due process of law (Fifth and Fourteenth Amendments); (e) the rights reserved to Plaintiff Daniel Mason    by the Constitution of the United States (Ninth and Tenth Amendments); and (f) the right to have and enjoy equal protection under law (Fourteenth Amendment).

137.    That the aforesaid actions of Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers were committed while Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers were acting pursuant to authority granted to them by statutes, ordinances, regulations, policies, practices, customs, and/or usage of the District of Columbia.

138.    That as a direct and proximate result of the unlawful conduct and actions of Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers Plaintiff Daniel Mason sustained severe and painful physical injuries, mental suffering and anxiety, incurred legal and medical expenses and was deprived of his physical liberty for a substantial period of time.

WHEREFORE, Plaintiff Daniel Mason demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendants Jaffee, Baker and Delise and other presently unknown DC metropolitan police officers, along with such other and further relief to which he may be entitled.

## COUNT TWENTY-FOUR
### (False Arrest and False Imprisonment)
### Daniel Mason-Jaffee

139.    That the allegations in Paragraphs 1-138 are hereby realleged and incorporated by reference into Count Twenty-four as though fully set forth herein.

140.    That the intentional and malicious acts of Defendant Jaffee by force, threats of force and by false assertion of legal authority and legal basis, caused Plaintiff Daniel Mason to be unlawfully arrested and confined, thus depriving Plaintiff Daniel Mason of his physical liberty and freedom of movement against Plaintiff Daniel Mason's will.

141.    That as a direct and proximate result of the unlawful, willful, intentional and malicious acts of Defendant Jaffee, Plaintiff Daniel Mason sustained economic and non-economic damages for

conscience pain, suffering, humiliation, inconvenience, and embarrassment that Plaintiff Daniel Mason was forced to endure during the time that he was in police custody.

WHEREFORE, Plaintiff Daniel Mason demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Jaffee, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendant Jaffee, along with such other and further relief to which he may be entitled.

## COUNT TWENTY-FIVE
### (False Arrest and False Imprisonment)
### Daniel Mason-Baker

142.    That the allegations in Paragraphs 1-141 are hereby realleged and incorporated by reference into Count Twenty-five as though fully set forth herein.

143.    That the intentional and malicious acts of Defendant Baker by force, threats of force and by false assertion of legal authority and legal basis, caused Plaintiff Daniel Mason to be unlawfully arrested and confined, thus depriving Plaintiff Daniel Mason of his physical liberty and freedom of movement against Plaintiff Daniel Mason's will.

144.    That as a direct and proximate result of the unlawful, willful, intentional and malicious acts of Defendant Baker, Plaintiff Daniel Mason  sustained economic and non-economic damages for conscience pain, suffering, humiliation, inconvenience, and embarrassment that Plaintiff Daniel Mason  was forced to endure during the time that he was in police custody.

WHEREFORE, Plaintiff Daniel Mason  demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Baker, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendant Baker, along with such other and further relief to which he may be entitled.

## COUNT TWENY-SIX
### (False Arrest and False Imprisonment)
### Daniel Mason-Delise

145.    That the allegations in Paragraphs 1-144 are hereby realleged and incorporated by reference into Count Twenty-six as though fully set forth herein.

146.    That the intentional and malicious acts of Defendant Delise by force, threats of force and by false assertion of legal authority and legal basis, caused Plaintiff Daniel Mason to be unlawfully arrested and confined, thus depriving Plaintiff Daniel Mason of his physical liberty and freedom of movement against Plaintiff Daniel Mason's will.

147.    That as a direct and proximate result of the unlawful, willful, intentional and malicious acts of Defendant Delise, Plaintiff Daniel Mason sustained economic and non-economic damages for conscience pain, suffering, humiliation, inconvenience, and embarrassment that Plaintiff Daniel Mason was forced to endure during the time that he was in police custody.

WHEREFORE, Plaintiff Daniel Mason demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Delise, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendant Delise, along with such other and further relief to which he may be entitled.

## COUNT TWENTY-SEVEN
### (Abuse of Judicial Process)
### Daniel Mason-Jaffee

148.    The allegations in Paragraphs 1-147 are hereby realleged and incorporated by reference into Count Seven as though fully set forth herein.

149.    That Defendant Jaffee unlawfully deprived Plaintiff Daniel Mason of his right to be free from physical brutality, harassment, violence, intimidation, and his right to be free of false arrest and false imprisonment, without probable cause and his right to have all the rights afforded to him under the Constitution of the United States and the District of Columbia and all the laws executed thereunder, and his right to be free of motivated harassment and violence.

150.    That Defendant Jaffee carried out his intentions as aforesaid by committing the overt acts

complained of herein.

151.    That as a direct and proximate result of the intentional and malicious acts of Defendant Jaffee, Plaintiff Daniel Mason suffered severe physical and emotional injuries.  That Plaintiff Daniel Mason did not contribute to his injuries which solely caused by the vicious, maniacal actions of Defendant Jaffee.

WHEREFORE, Plaintiff Daniel Mason demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendant Jaffee, and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendant Jaffee, along with such other and further relief to which he may be entitled.

### COUNT TWENT-EIGHT
**(Defamation)**
**Daniel Mason-Jaffee, Baker & Delise**

152.    That the allegations in Paragraphs 1-151are hereby realleged and incorporated by reference into Count Twenty-eight as though fully set forth herein.

153.    That Defendants Jaffee, Delise, Baker and other unknown DC metropolitan police officers knowingly filed criminal complaints falsely alleging that Plaintiff Daniel Mason committed crimes against the District of Columbia, *e.g.*, failure to obey a lawful command, possession of an open container of alcohol.

154.    That Defendants Jaffee, Deal, Baker and other unknown DC metropolitan police officers knowingly made false and defamatory statements and allegations against and about Plaintiff Daniel Mason both within and outside of said criminal complaint.

155.     That said false and defamatory statements and allegations have been published both within and outside of said criminal complaint and have been made a matter of public record.

156.     That Plaintiff Daniel Mason is a law abiding citizen who is the parent of minor children and is a well-respected member of his community.

34

157.     That the aforesaid false and defamatory statements and allegations were extremely damaging to Plaintiff Daniel Mason's character and reputation.

158.     That Defendants Jaffee, Delise, Baker and other unknown DC metropolitan police officers unknown acted with knowledge of the falsity of the statements and allegations and with the intent to expose Plaintiff Daniel Mason to public scorn, hatred, contempt and ridicule.

159.     That as result of the false and defamatory statements and allegations made by Defendants, Jaffee, Delise, Baker and other unknown officers, the character and reputation of Plaintiff Daniel Mason has been and will continue to be harmed; that his standing and reputation in his community has been and will continue to be impaired and Plaintiff Daniel Mason has suffered and will continue to suffer mental anguish and personal humiliation.

WHEREFORE, Plaintiff Daniel Mason demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers, along with such other and further relief to which he may be entitled.

## COUNT TWENTY-NINE
### (False Light)
### Daniel Mason-Jaffe, Baker & Delise

160.     That the allegations in Paragraphs 1-159 are hereby realleged and incorporated by reference into Count Ten as though fully set forth herein.

161.     That Defendants Jaffee, Delise, Baker and other unknown DC metropolitan police officers filed a criminal complaint falsely alleging that Plaintiff Daniel Mason comitted crimes against the District of Columbia.

162.     That Defendants Jaffee, Delise, Baker and other unknown DC metropolitan police officers knowingly made false and defamatory statements and allegations against and about Plaintiff Daniel

Mason both within and outside of said criminal complaint.

163.    That said false and defamatory statements and allegations were published both within and outside of said criminal complaint and have been made a matter of public record.

164.    That by falsely claiming that Plaintiff Daniel Mason committed various crimes against the District of Columbia, Defendants Jaffee, Baker Delise and other unknown officers improperly publicized facts that placed Plaintiff Daniel Mason in a false light by attributing to him characteristics, conduct or beliefs which were false.

165.    That Defendants Jaffee, Delise, Baker and other unknown DC metropolitan police officers acted with knowledge of the falsity of their aforesaid statements or with reckless disregard of the truth.

166.    That the publication of the aforesaid facts would be highly offensive to any reasonable person.

167.    That as a result of the false and defamatory statements and allegations made by Defendants Jaffee, Delise, Baker and other unknown officers, the character and reputation of Plaintiff Daniel Mason has been and will continue to be harmed, their standing and reputation in the community have been and will continue to be impaired and they have suffered and will continue to suffer mental anguish and personal humiliation.

WHEREFORE, Plaintiff Daniel Mason demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers, along with such other and further relief to which he may be entitled.

**COUNT THIRTY**
**(Negligence)**
**Daniel Mason-Jaffee, Baker, Delise**

168.    That the allegations in Paragraphs 1-167 are hereby realleged and incorporated by reference into Count Thirty as though fully set forth herein.

169.    That at all relevant times Defendants Jaffee, Baker, Delise and other unknown DC metropolitan police officers were negligent by throwing Plaintiff Daniel Mason onto the ground, by threatening the Plaintiff Daniel Mason with the use of additional force with the present ability to carry out such threats, by unlawfully restraining Plaintiff Daniel Mason's freedom and liberty without cause, by placing Plaintiff Daniel Mason under arrest, by transporting Plaintiff Daniel Mason to a police precinct detention facility and falsely imprisoning Plaintiff Daniel Mason  was cruel and offensive and caused Plaintiff Daniel Mason to suffer great bodily harm, and created fear and apprehension of imminent bodily harm or offensive bodily contact in Plaintiff Daniel Mason 's mind.   That the foregoing acts of Defendants Jaffee, Baker, Delise and other unknown DC metropolitan police officers were committed without any legal basis, excuse or justification.

WHEREFORE, Plaintiff Daniel Mason demands One Million Dollars ($1,000,000.00) in compensatory damages from Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers, along with such other and further relief to which he may be entitled.

### COUNT THIRTY-ONE
### (Intentional Infliction of Emotional Distress)
### J. Rynn, R. Rynn, D. Mason, A. Greer-Rynn-Jaffee, Baker, Delise

170.    That the allegations in Paragraphs 1-169 are hereby realleged and incorporated by reference into Count Thirty as though fully set forth herein.

171.   That Defendant Jaffee, Baker, Delise and other unknown DC metropolitan police officers' conduct as described herein, was malicious, negligent, grossly negligent, intentional, reckless, extreme and outrageous, beyond the bounds of decency in society and in deliberate disregard of a

high degree of probability that emotional distress would result to the Plaintiffs.

172.   That as a result of the aforesaid acts of the aforesaid Defendants, the Plaintiffs have suffered and will continue to suffer severe and extreme emotional distress.

WHEREFORE, Plaintiffs John Rynn, Robin Rynn, Daniel Mason and Amy Greer-Rynn individually demand One Million Dollars ($1,000,000.00) in compensatory damages from Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers and Ten Million Dollars ($10,000,000.00) in punitive damages from Defendants Jaffee, Baker, Delise and other presently unknown DC metropolitan police officers, along with such other and further relief to which he may be entitled.

Respectfully submitted,

By:

_____
Russell A. Neverdon, Sr..
2225 St. Paul Street, 2nd floor
Baltimore, Maryland 21218
(410) 235-2184
Bar No. MD25949

## REQUEST AND DEMAND FOR A JURY TRIAL

The Plaintiff's by and through their counsel respectfully requests a jury trial in this matter.

_____
Russell A. Neverdon, Sr..
2225 St. Paul Street, 2nd floor
Baltimore, Maryland 21218
(410) 235-2184
Bar No. MD25949