UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN RYNN, et al. | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 05-2066 (ESH) |
| v. | : |
| | : |
| OFFICER JAMES JAFFE, et al. | : |
| | : |
| Defendant. | : |

## MOTION TO DISMISS THE COMPLAINT AGAINST
## DEFENDANT SERGEANT R. DELISE[1]

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Delise[2] moves to dismiss the complaint against him on the following grounds: (1) Plaintiffs filed suit beyond the statute of limitations on their intentional tort claims; (2) Plaintiffs improperly couched their negligence claims as intentional tort claims; and (3) Plaintiffs did not plead sufficient facts as to any of the claims against Defendant Delise.

---

[1] The Defendant's correct name is Samuel D. Delisi.
[5] Under Fed. R. Civ. P. 4(m), the Plaintiffs were required to serve a summons and complaint on the Defendants within 120-days after the complaint was file. The complaint was filed on October 20, 2005, and service was required on or before February 20, 2006. This Court previously notified Plaintiffs of their service obligations in an order dated February 2, 2006 and instructed Plaintiffs to file, on or before February 20, 2006, either proof that service had been effected, or a written explanation of why service was not effected. One day after the Court's deadline and the expiration of the 120-day service period set out in the rules, February 21, 2006, the Plaintiffs filed a pleading asserting that they took "reasonable efforts" to effect service on Defendants Jaffee and Baker. Plaintiffs also requested an additional thirty (30) days to actually achieve service. In an order dated February 23, 2006, this Court vacated its dismissal order dated February 22, 2006 and ordered the Plaintiffs to file proof of service within thirty (30) days of that date. At this time, Plaintiffs have not filed proof of service with the Court and, on information and belief, have not effected service of Defendants Jaffee and Baker. Moreover, the Plaintiffs have not motioned the Court for additional time to serve the remaining defendants.

Additional grounds for granting the Defendant's requested relief are contained in the attached Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
Nicole L. Lynch  [471953]
Section Chief
General Litigation, Section II
Civil Litigation Division

_____
Julie Lee [433292]
Senior Assistant Attorney General
General Litigation, Section II
Civil Litigation Division
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6602

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN RYNN, et al. | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 05-2066 (ESH) |
| v. | : |
| | : |
| OFFICER JAMES JAFFE, et al. | : |
| | : |
| Defendant. | : |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT DELISE'S MOTION TO DISMISS**

Legal Standard

Pursuant to Fed. R. Civ. P. 12(b)(6), a motion to dismiss should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify his or her requested relief. *Haynesworth v. Miller*, 261 U.S. App. D.C. 66, 820 F.2d 1245, 1254 (D.C. Cir. 1987); *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth*, 820 F.2d at 1254. Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. *Koala v. MCI Communications* Corp., 305 U.S. App. D.C. 60; 16 F.3d

1271, 1276 (D.C. Cir. 1994). "Nor must the court accept legal conclusions cast in the form of factual allegations." *Id*.

I.   <u>Dismissal of Claims that are Subject to a One-Year Statute of Limitations</u>

In a suit filed on October 20, 2005, Plaintiffs assert numerous claims against Defendant Delise in relation to an October 20, 2002 incident between Plaintiffs and District of Columbia Metropolitan Police Department ("MPD") officers. Plaintiffs claim that, among other misconduct, Defendant Delise committed the following: (1) false arrest; (2) false imprisonment; (3) defamation; (4) false light; and (5) intentional infliction of emotional distress.

The statute of limitations in the District of Columbia provides a one-year limitations period for bringing the following actions: "…libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment." D.C. Official Code § 12-301(4)(2005). For torts committed in the District of Columbia, a cause of action for statute of limitations purposes accrues at the time the allegedly tortious act is committed. *See National R.R. Passenger Corp. v. Krouse,* 627 A.2d 489 (D.C. 1993).

For the reasons set forth below, the following Counts were untimely filed and should be dismissed pursuant to Fed. R.Civ. P (12(b)(6).

<u>False Arrest and False Imprisonment</u>

Plaintiffs argue that Defendant Delise falsely arrested and falsely imprisoned them on or about October 20, 2002 following their detention by police outside a local eatery in the District of Columbia. Because false arrest and false imprisonment are subject to a one-year statute of limitations, the following counts against Defendant Delise should be dismissed: Count Six (6), Count Sixteen (16) and Count Twenty-Six (26)(false arrest and imprisonment of Plaintiffs John Rynn, Robin Rynn and Daniel Mason, respectively).

Defamation/False Light

Defamation is subject to a one-year statute of limitations, <u>Grunseth v. Marriott Corp,</u> 872 F. Supp. 1069, *affirmed* 79 F.3d 169, 316 U.S. App.D.C. 367 (D.C. 1995); <u>Thomas v. News World Communications,</u> 681 F. Supp. 55 (D.C. 1981).   Plaintiffs argue that Defendant Delise defamed them and put them in a false light[3] by filing false criminal charges against them on or about October 20, 2002.  For the foregoing reasons, the following counts against Defendant Delise should be dismissed:  Count Eight (8), Count Eighteen (18) and Count Twenty-Eight (28)(defamation against Plaintiffs John Rynn, Robin Rynn and Daniel Mason, respectively); and Count Nine (9), Count Nineteen (19), and Count Twenty-Nine (29)(false light against Plaintiffs John Rynn, Robin Rynn and Daniel Mason, respectively).

Intentional Infliction of Emotional Distress

Plaintiff's claim for intentional infliction of emotional distress should also be dismissed as untimely filed.  The District of Columbia Court of Appeals has stated that "in certain cases where intentional infliction of emotional distress was included among a number of alleged torts, the one-year statute of limitation has been applied where the nature of the action rested on the other torts and the emotional distress aspect of the claim was essentially an outgrowth of the other pleaded torts."  *Saunders v. Nemati*, 580 A.2d 660, 662 (D.C. 1990).

The U.S. Court of Appeals for the District of Columbia Circuit has also followed this approach.  In *Hunter v. District of Columbia*, 943 F.2d 69 (D.C. Cir. 1991), the plaintiff alleged excessive force by the police and sued the District and two MPD officers for constitutional claims, as well as common law claims for assault and battery, intentional infliction of emotional

---

[3] Causes of action with no prescribed statute of limitations, but which are intertwined with one having a prescribed limitations period, are governed by the prescribed limitations period of that cause of action with which it is intertwined.  <u>Browning v. Clinton,</u> 292 F.3d 235, 352 U.S.App.D.C. 4(D.C. 2002).  Plainitiff's characterization of the claim is not controlling on this point, nor are conclusory terms contained in a pleading.  <u>Burgess v. Pelkey,</u> 738 A.2d 783, *certiorari denied*, 120 S.Ct. 1834, 529 U.S. 1099, 146 L.Ed.2d 778 (1999).  False light, as does defamation, would fall under the one-year limitations period governing libel and slander.

distress, and negligent hiring and training. The Circuit Court affirmed the District Court's application of the one-year statute of limitations to a claim for intentional infliction of emotional distress as the plaintiff's "complaint did not allege any facts suggesting that the defendants intentionally caused him emotional distress by conduct 'independent' of the alleged assault and battery." Id. at 72. See Also, Tibbs v. Williams, 263 F. Supp. 39 (D.C. 2003); and Thompson v. Jasas Corp., 212 F. Supp.2d 21 (D.C. 2002)( an intentional infliction of emotional distress claim that is intertwined with an underlying tort is subject to the one-year statute of limitations period).

In this case, Plaintiffs allegations of intentional infliction of emotional distress are intertwined with the underlying October 20, 2002 torts alleged against the police officers.[4] For that reason, Count Thirty-One (31), should be dismissed as untimely filed.

II.     Dismissal of Plaintiffs' Negligence Claims.

Count Ten (10), Count Twenty (20) and Count Thirty (30) of Plaintiffs' complaint state, in conclusory fashion, that Defendant Delise negligently assaulted and arrested each of the Plaintiffs, respectively. Plaintiffs' statements, however, are inconsistent with the gravamen of Plaintiffs' allegations – that the Defendants knowingly, intentionally and maliciously assaulted and arrested them.

In *Sabir v. District of Columbia*, the Court stated: "[A] plaintiff cannot seek to recover by 'dressing up the substance' of one claim, here assault and false arrest and imprisonment, in the 'garments' of another, here negligence." *Sabir v. District of Columbia*, 755 A.2d 449, 452 (D.C. 2000). In an "excessive force" case, where the Plaintiffs also asserted a negligence claim for the underlying assault and battery, the Court held that "excessive force is a term of art denoting an act of assault or battery by law enforcement officials committed in the course of their duties."

*District of Columbia v. Tinker*, 691 A.2d 57, 64 (D.C. 1997).  Nothing in the case law on excessive force, according to the Court, "hints at an element of negligence, or a tort distinct from assault and battery." *Id.*   See Also,  *Maddox v. Bano*, 422 A.2d 763, 764-65 (D.C. 1980)("[The] complaint described an injury received as a consequence of excessive force alleged to have been exercised by the arresting officers.  There is no dispute that the physical contact was intentional, and such intentional contact constitutes battery….The only tortious conduct clearly pled is assault and battery.  The terms 'carelessly and negligently' are conclusory assertions, and without more the complaint does not raise a cognizable claim of negligence").

Because the gravaman of the Plaintiffs' allegations against Defendant Delise are that he knowingly, intentionally and maliciously assaulted and falsely arrested and imprisoned them, the negligence counts against Defendant Delise must be dismissed.

III.     Dismissal of Complaint for Lack of Factual Support for the Requested Relief

In a thirty-eight (38) page complaint containing a host of starkly enunciated, but conflicting, allegations surrounding alleged false arrests, assaults and battery, and additional intentional misconduct by MPD officers, the Plaintiffs proffer the following as to Defendant Delise's involvement:

> "That Plaintiff John Rynn exited the limousine when he recognized that a sergeant was present at the scene and inquired as to what was going on and what could be done to resolve the situation. That Defendant Delise stated "nothing could be done," and ordered the Plaintiff John Rynn back to the limousine…."  (Complaint at page 5, paragraphs 21-22).

The asserted contact between Plaintiff Rynn and Defendant Delise allegedly occurred in the initial stages of an arrest by a police officer of Defendant Martin.  Plaintiff Rynn and Defendant Delise allegedly were observing the arrest when Plaintiff Rynn (an alleged Baltimore City police officer) attempted to "resolve the situation" through Defendant Delise.  That effort was unsuccessful.

---

[4]     Defendant Delisi notes that,  notwithstanding the conclusory nature of the Plaintiffs' pleading, there are no viable negligence claims against Defendant Delisi that would warrant the application of a three-year statute of limitations.   Defendant's Delises motion to dismiss the negligence claims is set forth at item II below.

According to the Plaintiffs, the contact between Plaintiff Rynn and Defendant Delise was followed by a host of alleged intentional and malicious actions and conduct, both on and off the scene, by other named and unnamed police officers. The complaint contains no allegation that Defendant Delise participated or was involved in any of these alleged activities. Indeed, there is no factual proffer against Defendant Delise that implicates him in any of the tortious activity pled in the complaint. Instead, each count against Defendant Delise relies on mere conclusions of law and sweeping, vague and unwarranted factual allusions. For these reasons, the instant complaint should be dismissed against Defendant Delise.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    _____
    Nicole L. Lynch  [471953]
    Section Chief
    General Litigation, Section II
    Civil Litigation Division

    _____
    Julie Lee [433292]
    Senior Assistant Attorney General
    General Litigation, Section II
    Civil Litigation Division
    441 Fourth Street, N.W.
    Sixth Floor South
    Washington, D.C. 20001
    (202) 724-6602

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN RYNN, et al. | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 05-2066 (ESH) |
| v. | : |
| | : |
| OFFICER JAMES JAFFE, et al. | : |
| | : |
| Defendant. | : |

ORDER

   Upon consideration of the Motion to Dismiss the Complaint, and any opposition thereto, and the record herein, it is the _____ day of _____, 2006,

   ORDERED:  that the instant Motion is GRANTED, and it is further

   ORDERED: that the complaint against Defendant Delise is dismissed.

_____
Judge Ellen S. Huvelle
United States District Court for the
District of Columbia

Copies to:

Julie Lee [433292]
Senior Assistant Attorney General
General Litigation, Section II
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001

Russell A. Neverdon, Sr., Esquire
2225 St. Paul Street, 2nd Floor
Baltimore, Maryland   21218