UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN RYNN, et al., | : |
| | : |
| Plaintiffs, | : |
| | : Civil Action No. 05-2066 (ESH) |
| v. | : |
| | : |
| OFFICER JAMES JAFFE, et al., | : |
| | : |
| Defendants. | : |

## MOTION TO DISMISS THE COMPLAINT AGAINST DEFENDANT BAKER

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Anthony Baker ("Defendant") moves to dismiss the complaint against him on the following grounds: (1) Plaintiffs filed suit beyond the statute of limitations on their intentional tort claims; (2) Plaintiffs improperly couched their negligence claims as intentional tort claims; and (3) Plaintiffs failed to proffer sufficient facts to support their common law or constitutional claims.[1]

Additional grounds for granting the Defendant's requested relief are contained in the attached Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

---

[1] This Court previously granted Defendant Delisi's Motion to Dismiss based on arguments similar to the ones contained in this motion.

                                                                                                      _____
Nicole L. Lynch  [471953]
Section Chief
General Litigation, Section II


_____
Julie Lee [433292]
Senior Assistant Attorney General
General Litigation, Section II
Civil Litigation Division
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6602; (202) 724-3625
Julie.Lee@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN RYNN, et al., | : |
| | : |
| Plaintiffs, | : |
| | : Civil Action No. 05-2066 (ESH) |
| v. | : |
| | : |
| OFFICER JAMES JAFFE, et al., | : |
| | : |
| Defendants. | : |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT BAKERS' MOTION TO DISMISS**

LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), a motion to dismiss should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify his or her requested relief. *Haynesworth v. Miller*, 261 U.S. App. D.C. 66, 820 F.2d 1245, 1254 (D.C. Cir. 1987); *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth*, 820 F.2d at 1254. Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. *Koala v. MCI Communications* Corp., 305 U.S. App. D.C. 60; 16 F.3d

3

1271, 1276 (D.C. Cir. 1994). "Nor must the court accept legal conclusions cast in the form of factual allegations." *Id*.

ARGUMENT

I.    **Dismissal of Claims that are Subject to a One-Year Statute of Limitations**

In a suit filed on October 20, 2005, Plaintiffs assert numerous claims against Defendant Baker in relation to an October 20, 2002 incident between Plaintiffs and District of Columbia Metropolitan Police Department ("MPD") officers. Plaintiffs claim that Defendant Baker committed the following:

(1) assault and battery (Count Two/John Rynn, Count Twelve/Robin Rynn, Count Twenty-Two/Daniel Mason);

(2) 42 U.S.C. 1983 violations (Count Three/John Rynn, Count Thirteen/Robin Rynn, Count Twenty-Three/Daniel Mason);

(3) false arrest and false imprisonment (Count Five/John Rynn, Count Fifteen/Robin Rynn, Count Twenty-Five/Daniel Mason);

(4) defamation (Count Eight/John Rynn, Count Eighteen/Robin Rynn, Count Twenty-Eight/Daniel Mason);

(5) false light (Count Nine/John Rynn, Count Nineteen/Robin Rynn, Count Twenty-Nine/Daniel Mason);

(6) negligence (Count Ten/John Rynn, Count Twenty/Robin Rynn, Count Thirty/Daniel Mason); and

(7) Intentional Infliction of Emotional Distress (Count Thirty-One/Daniel Mason, John Rynn, Robin Rynn, A. Greer-Rynn)

The statute of limitations in the District of Columbia provides a one-year limitations period for bringing the following actions: "…libel, slander, assault, battery, mayhem, wounding, malicious

prosecution, false arrest or false imprisonment." D.C. Official Code § 12-301(4)(2005). For torts committed in the District of Columbia, a cause of action for statute of limitations purposes accrues at the time the allegedly tortious act is committed. *See National R.R. Passenger Corp. v. Krouse,* 627 A.2d 489 (D.C. 1993). For the reasons set forth below, the following Counts were not filed within the statute of limitations and should be dismissed pursuant to Fed. R.Civ. P (12(b)(6):

### Assault and Battery

Plaintiffs allege that Defendant Baker assaulted and battered them on or about October 20, 2002 following their detention outside a local eatery in the District of Columbia. Plaintiffs filed suit for assault and battery almost three years later, on October 20, 2005. Because those claims are subject to a one-year statute of limitations, the following counts against Defendant Baker should be dismissed: Count Two, Count Twelve and Count Twenty-Two(assault and battery on Plaintiffs John Rynn, Robin Rynn and Daniel Mason, respectively).

### False Arrest and False Imprisonment

Plaintiffs allege that Defendant Baker falsely arrested and falsely imprisoned them on or about October 20, 2002 following their detention by police outside a local eatery in the District of Columbia. Plaintiffs filed suit for false arrest and false imprisonment almost three years later, on October 20, 2005. Because those claims are subject to a one-year statute of limitations, the following counts against Defendant Baker should be dismissed: Count Five, Count Fifteen and Count Twenty-Five(false arrest and false imprisonment of Plaintiffs John Rynn, Robin Rynn and Daniel Mason, respectively).

### Defamation/False Light

Defamation is subject to a one-year statute of limitations, Grunseth v. Marriott Corp, 872 F. Supp. 1069, *affirmed* 79 F.3d 169, 316 U.S. App.D.C. 367 (D.C. 1995); Thomas v. News World Communications, 681 F. Supp. 55 (D.C. 1981). Plaintiffs argue that Defendant Baker defamed them

and put them in a false light by filing false criminal charges against them on or about October 20, 2002. Plaintiffs filed suit for defamation and false light on October 20, 2005. Because those claims are subject to a one-year statute of limitations, the following counts against Defendant Baker should be dismissed: Count Eight, Count Eighteen and Count Twenty-Eight (defamation against Plaintiffs John Rynn, Robin Rynn and Daniel Mason, respectively); and Count Nine, Count Nineteen, and Count Twenty-Nine (false light against Plaintiffs John Rynn, Robin Rynn and Daniel Mason, respectively).[2]

Intentional Infliction of Emotional Distress

The District of Columbia Court of Appeals has stated that "in certain cases where intentional infliction of emotional distress was included among a number of alleged torts, the one-year statute of limitation has been applied where the nature of the action rested on the other torts and the emotional distress aspect of the claim was essentially an outgrowth of the other pleaded torts." *Saunders v. Nemati*, 580 A.2d 660, 662 (D.C. 1990).

The U.S. Court of Appeals for the District of Columbia Circuit has also followed this approach. In *Hunter v. District of Columbia*, 943 F.2d 69 (D.C. Cir. 1991), the plaintiff alleged excessive force by the police and sued the District and two MPD officers for constitutional claims, as well as common law claims for assault and battery, intentional infliction of emotional distress, and negligent hiring and training. The Circuit Court affirmed the District Court's application of the one-year statute of limitations to a claim for intentional infliction of emotional distress as the plaintiff's "complaint did not allege any facts suggesting that the defendants intentionally caused him emotional distress by conduct 'independent' of the alleged assault and

---

[2] Causes of action with no prescribed statute of limitations, but which are intertwined with one having a prescribed limitations period, are governed by the prescribed limitations period of that cause of action with which it is intertwined. Browning v. Clinton, 292 F.3d 235, 352 U.S.App.D.C. 4(D.C. 2002). Plaintiffs' characterization of the claim is not controlling on this point, nor are conclusory terms contained in a pleading. See, Burgess v. Pelkey,

battery." *Id.* at 72.  See Also, Tibbs v. Williams, 263 F. Supp. 39 (D.C. 2003); Thompson v. Jasas Corp., 212 F. Supp.2d 21 (D.C. 2002)( an intentional infliction of emotional distress claim that is intertwined with an underlying tort is subject to the one-year statute of limitations period).

In this case, Plaintiffs' allegations of intentional infliction of emotional distress are intertwined with the underlying torts alleged against Defendant Baker.[3]  The alleged torts occurred on October 20, 2002.  Plaintiffs filed suit for intentional infliction of emotional distress on October 20, 2005.  For that reason, Count Thirty-One should be dismissed as untimely filed.

II.     **Dismissal of Plaintiffs' Negligence Claims**

Count Ten, Count Twenty and Count Thirty of Plaintiffs' complaint allege, in conclusory fashion, that Defendant Baker negligently assaulted and arrested each of them.  Plaintiffs' allegations are inconsistent with the gravamen of Plaintiffs' complaint – that the Defendant knowingly, intentionally and maliciously assaulted, arrested, defamed and inflicted emotional distress on them.

In *Sabir v. District of Columbia*, the Court stated: "[A] plaintiff cannot seek to recover by 'dressing up the substance' of one claim, here assault and false arrest and imprisonment, in the 'garments' of another, here negligence." *Sabir v. District of Columbia*, 755 A.2d 449, 452 (D.C. 2000).  In an "excessive force" case where the Plaintiffs also asserted a negligence claim for the underlying assault and battery, the Court held that "excessive force is a term of art denoting an act of assault or battery by law enforcement officials committed in the course of their duties." *District of Columbia v. Tinker*, 691 A.2d 57, 64 (D.C. 1997).  Nothing in the case law on

---

738 A.2d 783, *certiorari denied*, 120 S.Ct. 1834, 529 U.S. 1099, 146 L.Ed.2d 778 (1999).  False light, as does defamation, falls under the one-year limitations period governing libel and slander.

excessive force, according to the Court, "hints at an element of negligence, or a tort distinct from assault and battery." Id.  See Also, *Maddox v. Bano*, 422 A.2d 763, 764-65 (D.C. 1980)("[The] complaint described an injury received as a consequence of excessive force alleged to have been exercised by the arresting officers.  There is no dispute that the physical contact was intentional, and such intentional contact constitutes battery….The only tortuous conduct clearly pled is assault and battery.  The terms 'carelessly and negligently' are conclusory assertions, and without more the complaint does not raise a cognizable claim of negligence").

Because the gravaman of Plaintiffs' complaint is that Defendant Baker knowingly, intentionally and maliciously assaulted, falsely arrested and imprisoned, defamed, and inflicted emotional distress on them, Plaintiffs' negligence claims, contained in Count Ten, Count Twenty, and Count Thirty, should be dismissed as the statute of limitations has run on that claim.

III.    **Dismissal of Common-Law Claims because of Insufficient Factual Pleading**

In a thirty-eight (38) page complaint containing a host of conflicting allegations of police misconduct by MPD officers against each of the Plaintiffs, the Plaintiffs state the following against Defendant Baker:

> "That suddenly and without provocation, Plaintiff John Rynn, who had previously identified himself as a Baltimore City police officer, was violently pulled from the vehicle, thrown onto the ground and was repeatedly and violently kicked, stomped and pummeled by Jaffee, **Baker** [emphasis added] and other still presently unknown DC Metropolitan police officers. That simultaneously, Robin Rynn, was also forcibly grabbed, removed from the vehicle, and body slammed against the hood of a police cruiser and then was forced onto the ground face first by Jaffee, **Baker** [emphasis added], and other still presently unknown DC Metropolitan police officers."  (Complaint at page 6, paragraph 23).

---

3    *Thomas v. News World Communications*, 681 F. Supp. 55, 73 (D.D.C. 1988) (dismissing plaintiffs' claim for emotional distress as it was "completely dependent upon and 'intertwined' with their claims for libel, defamation, and assault and/or battery").

"That Amy Grier-Rynn watched in horror as her husband, sister-in-law and former brother-in-law were brutally assaulted and placed in restraints. That further, she was yelled at, threatened with arrest and called "white trash, trailer trash and white bitch" several times by Defendant **Baker**. (Complaint at page 6, paragraph 24).

"That while traveling in route to the police station, Plaintiff Robin Rynn was left isolated and alone with Defendant **Baker**. That while traveling in a convoy type formation, Defendant **Baker** abruptly deviated and traveled down an isolated and dark street. That Defendant **Baker** pulled over and came to a complete stop and sexually solicited Plaintiff Robin Rynn. That Defendant **Baker** advised in exchange for oral sex, she could somehow get out of the present situation. That more specifically, in a lewd, crude, foul, obnoxious and offensive manner, Defendant **Baker** stated to Plaintiff Robin Rynn, "the only way you can get out of this is to suck my dick you dumb bitch, you have no driver's license, do you know how long it will take to process you and get released." (Complaint at page 6, paragraph 24-26).

Notwithstanding that the Plaintiffs cite numerous intentional torts, negligence and constitutional claims against all the Plaintiffs, Plaintiffs' factual proffers against Defendant Baker do not support the claims against him. One, Plaintiffs do not make a sufficient factual proffer against Defendant Baker to support their allegations of defamation and false light. Instead, in various counts in the complaint, Plaintiffs sweep Defendant Baker into a vague and conclusory allegation that he (along with other officers) made false statements and defamed them. For this reason, the defamation and false light claims against Defendant Baker (Count Eight, Count Eighteen and Count Twenty-Eight, Count Nine, Count Nineteen, and Count Twenty-Nine) should be dismissed.

Two, Plaintiffs do not allege a single factual allegation to support their claim of negligence against Defendant Baker. Instead, Plaintiffs simply proffer a legal conclusion that Defendant Baker was negligent. For this reason, the negligence claims against Defendant Baker (Count Ten, Count Twenty, and Count Thirty) should be dismissed.

Finally, Plaintiffs plead various violations against Defendant Baker alleging misconduct against Plaintiff Mason. However, Plaintiffs make no factual proffer of misconduct by

9

Defendant Baker against Plaintiff Mason. For that reason, Count Twenty-Two, Count Twenty-Three, Count Twenty-Five, Count Twenty-Eight, Count Twenty-Nine, Count Thirty, and Count Thirty-One, as they relate to Plaintiff Mason, should be dismissed.

IV. **Dismissal of 42 U.S.C. §1983 Claims because of Insufficient Factual Pleading and Bare Legal Conclusions**

Count Twenty-Three should be dismissed as Plaintiffs have pled no factual allegations that Defendant Baker engaged in any misconduct against Plaintiff Mason. Instead, they merely proffer that Defendant Baker violated Plaintiff Mason's constitutional rights.

Count Three (3) and Count Thirteen (13) should be dismissed because, other than conclusory statements that Defendant Baker violated Plaintiffs John Rynn's and Robin Rynn's constitutional rights, Plaintiffs have proffered no facts to support their claims.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
Nicole L. Lynch  [471953]
Section Chief
General Litigation, Section II

_____
Julie Lee [433292]
Senior Assistant Attorney General
General Litigation, Section II
Civil Litigation Division
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6602; (202) 724-3625
Julie.Lee@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBIN RYNN, et al.,                          :
                                             :
       Plaintiff,                            :
                                             :
                                             :   Civil Action No. 05-2066 (ESH)
       v.                                    :
                                             :
OFFICER JAMES JAFFE, et al.,                 :
                                             :
       Defendant.                            :

ORDER

   Upon consideration of the Motion to Dismiss the Complaint, and any opposition thereto, and the record herein, it is the _____ day of _____, 2006,

   ORDERED:  that the instant Motion is GRANTED, and it is further

   ORDERED: that the complaint against Defendant Baker is dismissed.

_____
Judge Ellen S. Huvelle
United States District Court for the
District of Columbia

Copies to:

Julie Lee [433292]
Senior Assistant Attorney General
General Litigation, Section II
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001

Russell A. Neverdon, Sr., Esquire
2225 St. Paul Street, 2nd Floor
Baltimore, Maryland   21218