IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN RYNN, *et al.*, | * |
| | * |
| *Plaintiffs,* | * |
| | *     HON. E. S. HUVELLE |
| *v.* | * |
| | *     CASE NO.: 1:05CV02066 |
| OFC. JAMES JAFFEE, *et al.*, | * |
| | * |
| *Defendants* | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT BAKER'S MOTION TO DISMISS**

NOW COME the Plaintiffs, by undersigned counsel, Russell A. Neverdon, Jr., Esq., to submit this Memorandum of Law in support of the Plaintiffs' Response in Opposition to the Motion to Dismiss filed by Defendant Anthony Baker ("Baker").

The Plaintiffs respectfully request the Court to deny Defendant Baker's Motion for the following reasons:

**I.**

**FACTUAL BACKGROUND**

In this action to recover compensatory and punitive damages, costs, and attorney's fees, it is alleged that on or about October 20, 2002, Baker and James Jaffee ("Jaffee"), two DC Metropolitan police officers, while acting under color of law, along with other still presently unknown DC Metropolitan police officers, assaulted, battered, and falsely arrested and imprisoned Plaintiffs Daniel Mason, Robin Rynn, and John Rynn. The Complaint alleges that Baker and Jaffee and the still presently unknown DC Metropolitan police offers violated the Plaintiffs' constitutional and civil rights, equal protection rights, and due process rights guaranteed under the Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth

Amendments to the United States Constitution, and under the common law of the District of Columbia.

The Complaint alleges that during the October 20, 2002 occurrence, Plaintiff John Rynn, was malevolently pulled from a rented limousine, thrown onto the ground and was repeatedly and violently kicked, stomped and pummeled by Baker and other still presently unknown DC Metropolitan police officers. Another Plaintiff, Robin Rynn, was also grabbed and forcibly removed from the vehicle, was body slammed against the hood of a police cruiser and then was forced to lie on the ground face first by Baker and Jaffee and by other still presently unknown DC Metropolitan police officers.

The Complaint further states that Plaintiffs Robin Rynn, John Rynn, Daniel Mason were placed under arrest by Baker and Jaffee and other still presently unknown DC Metropolitan police officers and was transported to a nearby detention facility and/or precinct, during which time Plaintiff Amy Grier-Rynn, was yelled at, threatened with arrest and called a "white trash, trailer trash and white bitch" several times by Defendant Baker.

At paragraphs 24-26, the Complaint alleges that while traveling en route to the police station, Defendant Baker abruptly detoured, traveled down an isolated dark street, pulled over and solicited Plaintiff Robin Rynn for sex. It is further alleged that Defendant Baker told Plaintiff Robin Rynn that in exchange for performing oral sex, he could get her released. The Complaint describes how Defendant Baker spoke to Plaintiff Robin Rynn in a lewd, crude, foul, obnoxious and offensive manner, stating: "the only way you can get out of this is to suck my dick you dumb bitch, you have no driver's license, do you know how long it will take to process you and get released."

The Complaint further describes how the Plaintiffs were constitutionally mistreated, were denied basic human rights, had valuables taken/stolen from them and were subjected

2

to police terrorism, threats and harassment; all of the aforedescribed unlawful actions were committed by Baker and Jaffee and the still presently unknown DC Metropolitan police officers acting pursuant to authority granted to them by statutes, ordinances, regulations, policies, practices, customs, and/or usage of the District of Columbia and in furtherance of the interests of the District of Columbia.

## II.

## LEGAL STANDARD

The Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. CT. 99 (1957), held that a complaint is sufficient as a matter of law if it "include[s] a short and plain statement showing that the pleader is entitled to relief. The Court stated: ". . . a claimant is not required to 'set out in detail the facts upon which he bases his claim, so long as the claim will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" 355 U.S. at 47.

In considering a motion to dismiss filed by a defendant under Rule 12(b)(6), this Court is required to presume that a complaint containing well-pleaded factual allegations are true and must resolve all doubts and inferences in favor of the plaintiff. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160 (1993); *Burnett v. Baraka Inv. & Development Corp.*, 274 F. Supp. 2d 86, 102 (D.D.C. 2003), *citing*, *Kowal v. MCI Communications Corp.*, 16 F. 3d. 1271, 1276 (D. C. Cir. 1994). The factual allegations of the complaint must be viewed in the light most favorable to the non-moving party. *Schuler v. United States*, 617 F. 2d 605, 608 (D.C. Cir. 1979).

A motion to dismiss filed under Rule 12(b)(6) merely challenges the legal sufficiency of a complaint. *Krieger v. Fedely*, 211 F. 3d 134, 136 (D.C. Cir. 2000). The key point is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present

evidence is support of her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974); *Stokes v. Cross*, 356 U.S. App. D.C. 73, 327 F. 3d 1210 (D.C. Cir. 2003). At this stage of the proceedings "the court is not to 'assess the truth of what is asserted or determine whether a plaintiff has any evidence to back up what is in the complaint.'" *Burnett, supra.*, 274 F. Supp at 103, *quoting*, *Browning v. Clinton*, 292 F. 3d 235, 242 (D.C. Cir. 2002).

In *Sparrow v. United Air Lines, Inc.*, 216 F. 3d 1111 (D.C. Cir. 2000), the U.S. Court of Appeals for the District of Columbia Circuit summarized the district court's role in deciding a motion to dismiss under Rule 12(b)(6):

> [w]e understand why district courts may want to alleviate their crowded dockets by disposing quickly of cases that they believe cannot survive in the long run. But as the Supreme Court held in *Leatherman*, this may not be accomplished by employing heightened pleading standards except in those cases specifically listed in Federal Rule 9(b). Rather "federal court and litigants must rely on summary judgment and control discovery to weed out unmeritorious claims sooner rather than later." *Sparrow, supra.*, 216 F. 3d at 1118, *quoting*, *Leatherman, supra.*, 507 U.S. at 168-69.

In the instant case, the Plaintiffs have filed a complaint that completely fulfills the "short and plain" liberal pleading requirements of Rule 8(a)(2). Rule 8(a)(2) is a powerful deterrent against dismissing a complaint for failing to state claim. Such dismissals are not favored in view of the Rule's general notice pleading requirement and this Court should not grant Baker's motion unless it is beyond doubt that the Plaintiffs can prove no set of facts in support of any of their claims against him.

The Complaint is not functionally illegible, nor does it contain baldly conclusory accusations. Moreover, when the facts are viewed in the light most favorable to the Plaintiffs, it is clear that Baker has not adequately demonstrated that Plaintiffs "can prove no set of facts that would entitle him to relief." Rather, the Complaint sets out in some detail, the facts/events that were injurious to the Plaintiffs' constitutional and civil rights contrary to applicable federal and District of Columbia law.

In sum, because Baker has not met his burden of conclusively establishing that any plaintiff in this case cannot prove any set of facts to establish claims for violations of their constitutional rights, the Court must deny Baker's Motion as a matter of law.

### III.

### ARGUMENT

#### A.

**BAKER'S MOTION FOR DISMISSAL OF THE COMPLAINT PURSUANT TO FEDERAL RULE 12(b)(6) MUST BE DENIED AS A MATTER OF LAW BECAUSE THE PLAINTIFFS HAVE STATED CONSTITUTIONAL CLAIMS UNDER THE FOURTH, FIFTH, SIXTH, EIGHTH, NINTH, TENTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

To state a legally cognizable claim against Baker under Section 1983, the Plaintiffs must allege unlawful and abusive conduct by Baker that deprived the Plaintiffs of some right, privilege or immunity secured by the Constitution or the laws of the United States. *Pryor-El v. Kelly*, 892 F. Supp. 261 (D.D.C. 1995). The failure to allege specific policies, customs or usage is no longer fatal to Section 1983 claims. *Williams v. District of Columbia*, 916 F. Supp. 1 (D.D.C. 1996). Plaintiffs alleging liability under Section 1983 may not be held to a "heightened" pleading standard. *Atchinson v. District of Columbia*, 315 U.S. App. D.C. 318, 73 F. 3d 418 (D.C. Cir. 1996). To defeat a 12(b)(6) motion, requires no more than for the plaintiff to tell his or her story based on pertinent information that is already available. *Martin v. Ezeagu*, 816 F. Supp. 20 (D.D.C. 1992).

Baker incorrectly states that Count Twenty-three, Count Three and Count Thirteen should be dismissed because the Plaintiffs "have pled no factual allegations that Baker engaged in any misconduct and Plaintiff Mason. Instead, they merely proffer that Defendant Baker violated Mason's constitutional rights . . . Plaintiffs have proffered no facts to support their claims." Def's. Mot. at 10.

5

However, in this case as in most cases, much of the detailed information about what happened "behind the scenes" is strictly controlled by the defendants. It would be contrary to established law to hold a plaintiff to such a specific procedural pleading requirement, without the aid of discovery at such an early stage of case development, and to do so would place a "heightened" pleading burden on the plaintiffs.

Rather than dismissing the Plaintiffs' complaint at this very early stage of case development, the Court must resist the temptation to so act. In a democracy, courts have a societal obligation to permit a plaintiff the opportunity to prove his case, unless it is clear beyond all doubt that that the plaintiff "cannot prove any set of facts" in support of his or her claim.

Rule 12(b)(6) merely challenges the legal sufficiency of a complaint. The Complaint is legally sufficient because it meets the short and plain pleading requirements under Rule 8(a)(2). Most importantly, Baker also has not clearly established that the Plaintiffs can prove no set of facts in support of his or her claims against him.

The Plaintiffs have stated constitutional claims in Counts Three, Ten, Thirteen, Twenty, Twenty-three, and Thirty that meets the liberal pleading requirements of Rule 8(a)(2). The Complaint alleges at paragraphs Nos. 20-25 details that while traveling en route to the police station, Plaintiff Robin Rynn was left isolated and alone with Baker while traveling in a convoy type formation, and Baker abruptly deviated and traveled down an isolated and dark street, pulled over and asked for oral sex. That more specifically, in a lewd, crude, foul, obnoxious and offensive manner, Defendant Baker stated to Plaintiff Robin Rynn, "the only way you can get out of this is to suck my dick you dumb bitch, you have no driver's license, do you know how long it will take to process you and get released.

The Complaint specifically alleges that the foregoing actions of Baker deprived the

6

Plaintiffs of the following rights under the United States Constitution: (a) freedom from the use of excessive and unreasonable force; (b) freedom from deprivation of liberty without due process of law; (c) freedom from unreasonable seizure without due process of law and (d) freedom from cruel and unusual punishment

This is a sufficient statement of a claim under Section 1983 to survive Baker's motion to dismiss under Rule 12(b)(6).

### B.

### DEFENDANT BAKER'S MOTION FOR DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE 12(b)(6) MUST BE DENIED AS A MATTER OF LAW BECAUSE THE PLAINTIFFS HAVE STATED SUFFICIENT NEGLIGENCE CLAIMS

Contrary to Baker's assertion that the Complaint must contain more detailed factual allegations to support the Plaintiffs' negligence claims, under Rule 8(a)(2), all that is required is that the claim afford the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved. *Hastings v. Department of Justice*, 223 F. Supp. 2d (D.D.C. 2002); *M.K. v. Tenet*, 216 F.R.D. 133 (D.D.C.). Because Baker is fully aware of the nature and basis for the Plaintiffs' negligence claims, the Court must deny Baker's motion as a matter of law. Defendant Baker's motion for dismissal of the Plaintiffs' negligence claims fails because Plaintiffs have sufficiently proffered and factually demonstrated that Defendant Baker, due to his position as a police officer for the Metropolitan Police Department, owed a duty of care to Plaintiffs and the citizens of the District of Columbia, that he breached that duty of care to a degree of grossness such that the Plaintiffs, specifically Plaintiff Robin Rynn, suffered harm that was the direct and proximate result of the Defendant's misconduct and breach of the duty owed.. *See Plaintiffs Complaint.*

Plaintiffs have sufficiently proffered that Defendant Baker's conduct raised the issue of a breach in his duty of care to the public, the policies of the Metropolitan Police Department and the Plaintiffs, thus clearly establishing grounds for a negligence claim. *See Plaintiffs Complaint*.

Before ruling on the merits of Baker's 12(b)(6) motion, the Court must view the facts in this case in the light most favorable to the Plaintiffs. All inferences that can be drawn from the facts must be resolved in favor of the Plaintiffs and drawn against Baker. Evidentiary matters and the resolution of material factual issues cannot be decided on a motion to dismiss. The liberal pleading requirements of Rule 8 demands only that a "short and plain" statement of the claim. In evaluating each claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the Plaintiffs. Under federal notice pleading, to be legally sufficient, the Plaintiffs' Complaint need not plead law or match facts to every element of a legal theory. *Ward v. Caldera*, 138 F. Supp. 2d 1 (D.D.C. 2001); *Miller v. Caldera*, 138 F. Supp. 2d 10 (D.D.C. 2001). A complaint will be deemed sufficient if it gives the defendant fair notice of the plaintiff's claim and the basis upon which such claims rest. *Sirmans v. Caldera*, 138 F. Supp. 2d 14 (D.D.C. 2001).

In the instant case, the Complaint fully satisfies the pleading requirements of Rule 8, therefore this Court must deny Baker's motion as a mater of law. As the Court succinctly stated in *Sparrow*, "federal court and litigants must rely on summary judgment and control discovery to weed out unmeritorious claims sooner rather than later." *Sparrow, supra.*, 216 F. 3d at 1118, *quoting*, *Leatherman*, *supra.*, 507 U.S. at 168-69.

**WHEREFORE**, for the reasons as stated above, the Plaintiffs respectfully request this Honorable Count to enter an appropriate Order DENYING Baker's Motion.

                        Respectfully submitted,

By: _____

                        Russell A. Neverdon, Sr., *Esq.*

                        2225 St. Paul Street
                        Baltimore, Maryland 21218
                        (410) 235-2184
                        Bar. No. MD25949

                        *Attorney for the Plaintiffs*
                        *Robin Rynn, et al.*

## **CERTIFICATE OF SERVICE**

      I, HEREBY CERTIFY that on this 12th day of July, 2006, an electronic copy of the foregoing Plaintiffs' Response in Opposition to Defendant Anthony Baker's the Motion to Dismiss, Memorandum of Law, proposed Order, was served via Electronic filing and further mailed U.S. first class mail, postage prepaid, on: Hon. Robert J. Spagnoletti, Attorney General for the District of Columbia, and Julie Lee, Esq., Senior Assistant Attorney General, 441 Fourth Street, NW, Sixth Floor South, Washington, DC, 20001, attorneys for Defendant Anthony Baker.

                        _____
                        RUSSELL A. NEVERDON, SR.