UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN RYNN, et al., | : |
| | : |
|   Plaintiffs, | : |
| | : Civil Action No. 05-2066 (ESH) |
|   v. | : |
| | : |
| OFFICER JAMES JAFFE, et al., | : |
| | : |
|   Defendants. | : |

## REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT BAKER'S MOTION TO DISMISS

### Procedural Issue

Plaintiffs state the following in footnote number one (1) of their opposition to Defendant Baker's Motion to Dismiss:

> "Per instruction from this Honorable Court, the Plaintiffs respectfully give notice and advise the Defendants of their intent to seek leave to file an amended complaint immediately after the filing of their instant Response in Opposition to Baker's Motion to Dismiss. The amended complaint will omit intentional tort claims against Baker. Therefore, for brevity's sake, the Plaintiffs will not address the merits of Baker's claims for dismissal of any such intentional torts in the context of this pleading.

Pending before this Court is Defendant Baker's Motion to Dismiss. Plaintiffs had opportunity, and were given additional opportunity, to respond to that motion. The Defendants challenge Plaintiffs' suggestion that this Court, having given them a deadline by which to respond to Defendant Baker's motion, instructed to file, or favored them filing, an amended complaint. Moreover, the Court did not state or suggest it would withhold a decision on the pending motion to allow Plaintiffs' to amend their complaint. Defendant Baker has responded to

Plaintiffs' suit, filed one-day before the expiration of all applicable statutes of limitations, and seeks a ruling on the motion before this Court.[1]

### Constitutional Claims

With regard to Plaintiffs' constitutional claims, Defendant Baker again denies the sufficiency of the pleading, incorporating by reference his Motion to Dismiss,[2] because the factual pleading does not alert, instruct or guide the Defendant on the nature of the alleged constitutional violations. In fact, Plaintiffs' opposition motion appears to argue constitutional violations rooted solely in Defendant Baker's alleged comments to Plaintiff Robin Rynn although the original complaint conclusorily proffers various violations against all the defendants. As to the alleged comments to Robin Rynn, which arguably may have constituted intentional infliction of emotional distress, the Plaintiffs have not proffered any facts of a constitutional nature upon which relief could be granted.

Plaintiffs' assertion of "fourth, fifth, sixth, eighth, ninth, tenth, and fourteenth" amendment violations, even combined with their factual proffer, is useless where (as here) the combination of the two requires the Defendant to guess the claims he has to defend.

### Negligence Claims

As stated in Defendant's Motion to Dismiss, the gravaman of Plaintiffs' claims are intentional torts which the Plaintiff improperly is attempting to "dress up" as negligence claims. *Sabir v. District of Columbia*, 755 A.2d 449, 452 (D.C. 2000). The Plaintiffs suggest in their opposition that dismissal is inappropriate because Plaintiffs have put the Defendant on "notice" of their negligence claims. However, the opposition does not respond to the Defendant's

---

[1] The Plaintiffs have not moved to amend their complaint at the time of this filing, and the Defendants will object to any motion for leave to amend.

argument that Plaintiff' negligence claims are barred by District of Columbia law precluding a finding of negligence arising out of allegations of this nature. *See District of Columbia v. Chinn*, 839 A.2d 701, 705 (D.C. 2003); *Sabir v. District of Columbia*, 755 A.2d 449, 452 (D.C. 2000); *Stewart-Veal,* 896 A.2d 232, 235 (D.C. 2006).

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        _____
        Nicole L. Lynch  [471953]
        Section Chief
        General Litigation, Section II
        Civil Litigation Division

        _____
        Julie Lee [433292]
        Senior Assistant Attorney General
        General Litigation, Section II
        Civil Litigation Division
        441 Fourth Street, N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6602(o); (202) 727-3625(f)
        Julie.Lee@dc.gov

---

[2]    The Plaintiff's Motion to Dismiss is incorporated by reference as to the reply in its entirely.