UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN RYNN, *et al.*,<br><br>Plaintiffs,<br><br>      v.<br><br>OFFICER BAKER, *et al.*,<br><br>Defendants. | Civil Action No. 05-2066 (ESH) |

### DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12 (b)(5) & (6), defendant Officer James Jaffe, by and through counsel, respectfully move this Court to dismiss this case against him. Legal and factual support for this motion is set forth in the accompanying memorandum of points and authorities, which is incorporated herein by reference.

                                                                      Respectfully submitted,

                                                                       ROBERT J. SPAGNOLETTI
                                                                       Attorney General for the District of Columbia

                                                                       GEORGE C. VALENTINE
                                                                       Deputy Attorney General
                                                                       General Litigation Division

                                      BY:    NICOLE L. LYNCH [471953]
                                                                 Chief, Section III
                                                                 General Litigation Division
                                                                 441 4th Street, N.W.
                                                                 Washington, DC 20001
                                                                (202) 442-9848

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN RYNN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICER BAKER, *et al.*,<br><br>Defendants. | Civil Action No. 05-2066 (ESH) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Officer James Jaffe, by and through undersigned counsel, moves to dismiss the complaint against him because: 1) plaintiffs have not served Officer Jaffe within the most recent deadline ordered by this Court even though plaintiffs have been granted at least three extensions of time to serve Officer Jaffe and are well beyond the 120-day deadline to serve a defendant as the complaint was filed over ten months ago, and 2) plaintiff has substantively failed to state a claim against Officer Jaffe.

**I.   STATEMENT OF THE CASE**

On October 20, 2005, plaintiffs filed their complaint against three Metropolitan Police Department officers: Officer James Jaffe, Officer Anthony Baker and Officer Samuel Delisi. On February 2, 2006, this Court ordered plaintiffs file proof of service on the defendants within 120 days, which was February 20, 2006, or the case would be dismissed. Plaintiff did not comply with this order but instead filed a "response" requesting an additional thirty days to serve the defendants on February 21, 2006, one day after the Court ordered deadline.[1]

---

[1] From the inception of this case, plaintiffs have not filed their pleadings using the ECF system. For instance, this docket entry (#4) reflects that the plaintiffs' "response" was "entered" on February 23, 2006 but "filed" on February 21, 2006. Presumably, the Court also did not receive plaintiffs' response on February 22, 2006 when the Court dismissed the case for failure to prosecute. This pattern continued throughout the case and is reflected in the docket.

2

On February 23, 2006, the Court granted plaintiffs' request for an additional thirty days to serve the defendants and ordered that proof of service be filed within thirty days. Plaintiffs again did not comply with this Court order. On March 24, 2006, the plaintiffs filed a document titled "notice of status of service" that requested alternative service on the defendants.[2] However, on April 19, 2006, the Court dismissed the case without prejudice stating the plaintiffs had not filed proof of service for Officer Baker or Officer Jaffe as required by the Court's previous February 23rd order and had not filed a motion for an extension of time to serve the two officers.

On April 28, 2006, plaintiffs filed their third request regarding service of the named defendants.[3] On this date, plaintiffs moved for another extension of time to serve Officer Jaffe and moved to vacate the dismissal of Officer Baker and Officer Jaffe. On May 8, 2006, which was four days after plaintiffs' motions had been entered into the ECF system, the Court granted plaintiffs' motion to vacate the dismissal and granted the plaintiffs' motion for extension of time to serve Officer Jaffe within thirty days. In this order, the Court also granted plaintiffs' request to leave a copy of the summons and complaint with the Clerk of the Court.

On June 28, 2006, after a status conference was held in the case, the Court vacated its order granting plaintiff's request to serve Officer Jaffe by leaving a copy with of the summons and complaint with the Clerk of the Court. However, the Court did grant plaintiff another extension of time to serve Officer Jaffe and ordered that plaintiff had sixty days to serve Officer Jaffe consistent with Fed. R. Civ. P. 4. As such, plaintiffs had until August 27, 2006, to serve Officer Jaffe but failed to do so. Plaintiffs again ignored this Court's order and instead served Officer Jaffe beyond the court deadline on August 29, 2006.

---

[2] Again, the defendants only received notice of this document on April 11, 2006 when it was "entered" but the docket reflects it being "filed" on March 24, 2006.
[3] Again, this document was "entered" on May 4, 2006, the date defense counsel received notice of the document, but "filed" on April 28, 2006.

3

II.  **ARGUMENT**

    A.  <u>**The Complaint Against Officer Jaffe Should be Dismissed as Plaintiff Failed to Serve Officer Jaffe within the Deadlines Set by this Court and the Rules of Civil Procedure.**</u>

Fed. R. Civ. P. 4 (m) provides that a plaintiff shall have 120 days from filing the complaint to serve the defendants. The rule provides that if the plaintiff does not serve the defendants within that time period that the case shall be dismissed or the court shall extend the time for service upon the plaintiff showing good cause for the failure. In addition, Fed. R. Civ. P. 41 (b) states that an action may be dismissed for the failure of the plaintiff to comply with these rules or any order of the court.

In this case, plaintiffs had until February 20, 2006, to serve Officer Jaffe pursuant to Rule 4. Plaintiff did not comply with Rule 4 or the Court's first order requiring service prior to that date. To the contrary, after the 120 days expired and after the deadline set by this Court, the plaintiffs requested additional time to serve the defendants. The above procedural history details that plaintiffs have been granted at least three extensions of time to serve Officer Jaffe. In addition, the plaintiffs have failed to comply with every order this Court has given regarding service. The plaintiffs have ignored this Court's orders of February 2, 2006, February 23, 2006 and most recently of June 28, 2006. This case should be dismissed against Officer Jaffe pursuant to Fed. R. Civ. P. 41 (b) as plaintiff has repeatedly failed to comply with this Court's orders and the Rules of Civil Procedure.

In addition, plaintiffs do not have good cause for their failure to comply with this Court's recent order of June 28, 2006 granting plaintiff an additional sixty days to serve Officer Jaffe. Since the inception of this lawsuit, Officer Jaffe has worked the same shift and been assigned to the Third District. Officer Jaffe's tour of duty has never changed nor has the location of his

work assignment, the Third District. In addition, since the Court's order of June 28, 2006, Officer Jaffe has worked six days a week, instead his usual five days, because of the crime emergency and has not taken any leave during that time period. As such, Officer Jaffe was readily available to plaintiffs and plaintiffs have had ample opportunity to serve Officer Jaffe over the ten months since filing the complaint. Plaintiffs have simply chose to blatantly ignore this Court's orders and the Rules of Civil Procedure.

    **B.**    **<u>Plaintiffs Fail to State a Claim Against Officer Jaffe.</u>**

As argued in Officer Delisi's motion to dismiss, which was granted by the Court, plaintiffs can not state a claim against Officer Jaffe as: 1) the statute of limitations has run on plaintiffs' intentional tort claims; 2) plaintiffs improperly couch their negligence cause of action; and 3) plaintiffs have failed to plead sufficient facts in their complaint against Officer Jaffe.

    1.    <u>The Statute of Limitations Bars Plaintiffs' Claims.</u>

On October 20, 2005, plaintiffs filed suit against Officer Jaffe as a result of their arrest three years earlier on October 20, 2002. Plaintiffs filed the following intentional tort claims against Officer Jaffe in their complaint: assault & battery, false arrest & imprisonment, abuse of process, defamation, false light and intentional infliction of emotional distress. However, these claims are barred by the one-year statute of limitations. D.C. Code § 12-301 (4); *Hunter v. District of Columbia*, 943 F.2d 69 (D.C. Cir. 1991).

    2.    <u>Plaintiffs Have Improperly Couched Their Negligence Claims Which Are Also Barred by the One-Year Statute of Limitations.</u>

Plaintiffs' complaint asserts a negligence cause of action against Officer Jaffe which is based on the conclusory phrases that allege that Officer Jaffe falsely arrested and assaulted plaintiffs. However, the case law in the District of Columbia is clear that plaintiffs can not

convert intentional torts claims into a negligence cause of action to manipulate the one-year statute of limitations. See *District of Columbia v. Chinn*, 839 A.2d 701 (D.C. 2003).

In *Maddox v. Bano*, 422 A.2d 763 (D.C. 1980), the District of Columbia Court of Appeals held that a claim alleging excessive force involved only assault and battery, not negligence. The plaintiff's complaint in *Maddox* alleged that plaintiff was arrested, that the officers negligently effected the arrest and as a proximate cause of said carelessness and negligence, the plaintiff sustained a fractured left arm. *Maddox*, 422 A.2d at 764. The Court in *Maddox* stated:

> [The] complaint described an injury received as a consequence of excessive force alleged to have been exercised by the arresting officers. There is no dispute that the physical contact was intentional, and such intentional contact constitutes battery….The only tortuous conduct clearly pled is assault and battery. The terms 'carelessly and negligently' are conclusory assertions, and without more the complaint does not raise a cognizable claim of negligence….Moreover, the trial court was not bound by plaintiff's characterization of the action." *Maddox*, 422 A.2d at 764-65.

In *Sabir v. District of Columbia*, the Court stated: "[A] plaintiff cannot seek to recover by 'dressing up the substance' of one claim, here assault, in the 'garments' of another, here negligence." *Sabir v. District of Columbia*, 755 A.2d 449, 452 (D.C. 2000). The Court noted that the plaintiff's complaint in the *Sabir* case had alleged that the arresting officers 'negligently caused the assault and battery, arrest and detention of plaintiffs." *Sabir*, 755 A.2d at 452. The Court noted that the trial judge entered a directed verdict for the defendants, stating that "[y]ou can't convert an intentional tort to a negligence cause of action." *Id.* The Court continued, "in order to find liability for assault or battery, it 'is necessary that the defendant either have intended to commit a battery or to cause in the plaintiff an apprehension of battery.'" *Id.* (quoting 1 F. Harper & F. James, The Law of Torts, at 280).

6

As such, plaintiffs' negligence claims against Officer Jaffe should be dismissed as the claims are truly intentional tort claims which are barred by the one-year statute of limitations.

    3.    <u>Plaintiffs Have Failed to Plead Sufficient Facts to State a § 1983 Cause of Action Against Officer Jaffe.</u>

Plaintiffs complaint asserts a claim under 42 U.S.C. § 1983 against all the originally named defendants. However, plaintiffs' complaint fails to state how Officer Jaffe violated plaintiffs' civil rights under 42 U.S.C. § 1983. Plaintiffs' complaint states: "That the willful and malicious actions committed by Defendants Jaffe, Baker, and Delise and other presently unknown DC metropolitan police officers against Plaintiff John Rynn were unlawful and abusive and constituted an unreasonable and excessive use of force prohibited by the United States Constitution." Complaint ¶ 46. Plaintiffs' complaint asserts exactly the same allegation by each plaintiff against all defendants. However, none of the plaintiffs state how Officer Jaffe violated their rights under § 1983. In addition, not of all the plaintiffs were arrested by Officer Jaffe. As plaintiff is suing Officer Jaffe individually, each plaintiff needs to state in their complaint their allegations of wrongdoing against Officer Jaffe. However, the plaintiffs have failed to do so and therefore, have failed to state a claim against Officer Jaffe.

For the foregoing reasons, Officer James Jaffe moves this Honorable Court to dismiss the complaint against him.

                            Respectfully submitted,

                            ROBERT J. SPAGNOLETTI
                            Attorney General for the District of Columbia

                            GEORGE C. VALENTINE
                            Deputy Attorney General
                            General Litigation Division

|     |     |
| --- | --- |
| BY: | NICOLE L. LYNCH [471953]<br>Chief, Section III<br>General Litigation Division<br>441 4th Street, N.W.<br>Washington, DC 20001<br>(202) 442-9848 |