IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |  | |
|---|---|---|---|
| ROBIN RYNN, *et al.*, | * | | |
| | * | | |
| *Plaintiffs,* | * | | |
| | * | HON. E. S. HUVELLE | |
| v. | * | | |
| | * | CASE NO.: 1:05CV02066 | |
| OFC. JAMES JAFFEE, *et al.*, | * | | |
| | * | | |
| *Defendants* | * | | |
| | * | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMEORANDUM OF LAW IN SUPPORT OF THE PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT JAMES JAFFEE'S MOTION TO DISMISS

NOW COME the Plaintiffs, by undersigned counsel, Russell A. Neverdon, Jr., Esq., to submit this Memorandum of Law in support of the Plaintiffs' Response in Opposition to the Motion to Dismiss filed by Defendant James Jaffee ("Jaffee"). For the reasons stated herein, the Plaintiffs urges the Court to deny Jaffee's motion for the following reasons:

1. That Jaffee's motion should be denied because the Defendant's motion was untimely filed. Fed.R.Civ.P. 12(a)(1)(A) plainly states in relevant part; ". . . a defendant shall serve an answer (A) within 20 days after being served with the summons and complaint. . . ."

2. That Jaffee was served with the Summons and Complaint on August 29, 2006.

3. That Jaffee's answer and/or response to the Complaint had to be filed on or before September 18, 2006.

4. That Jafee filed his motion on September 19, 2006.

5. That Jaffee's motion is a legal nullity. As such Jaffee's motion cannot lawfully taken under consideration by this Honorable Court. Therefore, Jafffee's motion must be denied as a matter of law.

6. That the Complaint should not be dismissed because Jaffee has not been prejudiced. One objective of serving a complaint is to give notice a defendant such as Jaffee fair notice of the Plaintiffs' claims against him for assault, battery and false arrest and imprisonment. The Complaint alleges in great detail the manner by which Baker and Jaffee and the still presently unknown DC Metropolitan police offers violated the Plaintiffs' constitutional and civil rights, equal protection rights, and due process rights guaranteed under the Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments to the United States Constitution, and under the common law of the District of Columbia.

7. That the Complaint alleges that during the October 20, 2002 occurrence, Plaintiff John Rynn, was pulled from a rented limousine, thrown onto the ground and was repeatedly and violently kicked, stomped and pummeled by Baker and other still presently unknown DC Metropolitan police officers. Another Plaintiff, Robin Rynn, was also grabbed and forcibly removed from the vehicle, was body slammed against the hood of a police cruiser and then was forced to lie on the ground face first by Baker and then by Jaffee and by other still presently unknown DC Metropolitan police officers.

8. The Complaint further states that Plaintiffs Robin Rynn, John Rynn, Daniel Mason were placed under arrest by Baker and Jaffee and other still presently unknown DC Metropolitan police officers and were transported to a nearby detention facility and/or precinct, during which time Plaintiff Amy Grier-Rynn, was yelled at, threatened with arrest and called a "white trash, trailer trash and white bitch" several times by Baker.

9. The Complaint further describes how the Plaintiffs were constitutionally

2

mistreated, were denied basic human rights, had valuables taken/stolen from them and were subjected to police terrorism, threats and harassment; all of the aforedescribed unlawful actions were committed by Baker and Jaffee and the still presently unknown DC Metropolitan police officers acting pursuant to authority granted to them by statutes, ordinances, regulations, policies, practices, customs, and/or usage of the District of Columbia and in furtherance of the interests of the District of Columbia.

10. The Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957), held that a complaint is sufficient as a matter of law if it "include[s] a short and plain statement showing that the pleader is entitled to relief. The Court stated: ". . . a claimant is not required to 'set out in detail the facts upon which he bases his claim, so long as the claim will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" 355 U.S. at 47.

11. In considering a motion to dismiss filed by a defendant under Rule 12(b)(6), this Court is required to presume that a complaint containing well-pleaded factual allegations are true and must resolve all doubts and inferences in favor of the plaintiff. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160 (1993); *Burnett v. Baraka Inv. & Development Corp.*, 274 F. Supp. 2d 86, 102 (D.D.C. 2003), *citing*, *Kowal v. MCI Communications Corp.*, 16 F. 3d. 1271, 1276 (D. C. Cir. 1994). The factual allegations of the complaint must be viewed in the light most favorable to the non-moving party. *Schuler v. United States*, 617 F. 2d 605, 608 (D.C. Cir. 1979).

12. That the complaint fulfills the "short and plain" liberal pleading requirements of Rule 8(a)(2). Rule 8(a)(2) is a powerful deterrent against dismissing a complaint for failing to state claim. Such dismissals are not favored in view of the Rule's general notice pleading

3

requirement and this Court should not grant Jaffee's motion unless it is beyond doubt that the Plaintiffs can prove no set of facts in support of any of their claims against him.

13. That to state a legally cognizable claim against Baker under Section 1983, the Plaintiffs must allege unlawful and abusive conduct by Baker that deprived the Plaintiffs of some right, privilege or immunity secured by the Constitution or the laws of the United States. *Pryor-El v. Kelly*, 892 F. Supp. 261 (D.D.C. 1995). The failure to allege specific policies, customs or usage is no longer fatal to Section 1983 claims. *Williams v. District of Columbia*, 916 F. Supp. 1 (D.D.C. 1996). Plaintiffs alleging liability under Section 1983 may not be held to a "heightened" pleading standard. *Atchinson v. District of Columbia*, 315 U.S. App. D.C. 318, 73 F. 3d 418 (D.C. Cir. 1996). To defeat a 12(b)(6) motion, requires no more than for the plaintiff to tell his or her story based on pertinent information that is already available. *Martin v. Ezeagu*, 816 F. Supp. 20 (D.D.C. 1992).

14. That it would be contrary to established law to hold the Plaintiffs in this case to the requirement of pleading additional facts in further support of the Complaint without the aid of discovery at such an early stage of case development. To do so would place a "heightened" pleading burden on these particular Plaintiffs.

15. That rather than dismissing the Plaintiffs' complaint at this very early stage of case development, the Court must resist the temptation to so act. In a democracy, courts have a societal obligation to permit a plaintiff the opportunity to prove his case, unless it is clear beyond all doubt that that the plaintiff "cannot prove any set of facts" in support of his or her claim.

16. That Rule 12(b)(6) merely challenges the legal sufficiency of a complaint. The Complaint is legally sufficient because it meets the short and plain pleading

requirements under Rule 8(a)(2). Most importantly, Jaffee also has not clearly established that the Plaintiffs can prove no set of facts in support of his or her claims against him.

17.     That the Plaintiffs have stated legally cognizable constitutional claims against Jaffee in Counts Three, Thirteen, and Twenty-three of the Complaint, that fulfill the requisite "notice" pleading requirements of Rule 8(a)(2).

18.     That more specifically, the Complaint alleges when Jaffee saw Plaintiff Mason, he unlawfully ordered Plaintiff Mason to pick up an empty and crushed beer can and other debris located on the ground near the limousine. Jaffee told Plaintiff Mason that a count of ten was going to be given and if the trash was not picked up, Plaintiff Mason was going to be arrested and taken to jail.

19.     That the Complaint describes how as Plaintiff Mason attempted to comply with Jaffee's order, he was immediately grabbed with great force by Jaffee and placed under arrest for littering and for possession of an open container of alcohol.

20.     That the Complaint specifically alleges that the foregoing actions by Jaffee deprived the Plaintiff Mason of the following rights under the United States Constitution: (a) freedom from the use of excessive and unreasonable force; (b) freedom from deprivation of liberty without due process of law; (c) freedom from unreasonable seizure without due process of law and (d) freedom from cruel and unusual punishment

21.     That this is a sufficient statement of a claim under Section 1983 to survive Jaffe's Rule 12(b)(6) motion.

22.     That Jaffee's motion is unsupported by affidavit and is legally insufficient. because it does not adequately demonstrate, show or sufficiently explain how the Plaintiffs will not prove be able to prove at trial, any necessary set of facts to support his or her claims

as alleged to warrant dismissal of the Plaintiffs' claims against him under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

23. That in his Statement of the Case, Jaffee incorrectly states that the "[P]laintiff filed their complaint against three Metropolitan Police Officers: . . . Jaffee, . . . Baker and . . . Delisi." See, Def's. Mot. at 2. In fact, the Complaint alleges that other, still presently unknown DC Metropolitan police officers, individually and in their official capacities, and while acting under color of law, violated the Plaintiffs' civil rights as guaranteed under the U.S. Constitution.

24. That Jaffee's motion does not break any new ground, nor does it raise any further substantive matters that require the Court's consideration. Rather, Jaffee simply rehashes the same procedural issues that the Court previously clarified in its June 28, 2006, Order.

**WHEREFORE**, for the reasons as summarized above and as more fully set forth in the attached Plaintiffs' Response in Opposition to Jaffee's Motion to Dismiss, and which Response is fully incorporated herein by reference, the Plaintiffs respectfully request this Honorable Court to enter an Order DENYING Jaffee's Motion.

                              Respectfully submitted,

By: _____

                              Russell A. Neverdon, Sr., *Esq.*

                              2225 St. Paul Street
                              Baltimore, Maryland 21218
                              (410) 235-2184
                              Bar. No. MD25949

                              **Attorney for the Plaintiffs**
                              *Robin Rynn, et al.*

## **CERTIFICATE OF SERVICE**

     I, HEREBY CERTIFY that on this _____ day of October, 2006, one copy of the foregoing Plaintiffs' Response in Opposition to Defendant James Jaffee's the Motion to Dismiss, Memorandum of Law, proposed Order, was served via first class mail, postage prepaid, on: Hon. Robert J. Spagnoletti, Attorney General for the District of Columbia, and Nicole L. Lynch, Esq., Chief, Section III, General Litigation Division, 441 Fourth Street, NW, Sixth Floor South, Washington, DC, 20001, attorneys for Defendant James Jaffee.

                                                                                    _____

                                                                                     RUSSELL A. NEVERDON, SR.