UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN RYNN, *et al.*,<br><br>Plaintiffs,<br><br>      v.<br><br>OFFICER BAKER, *et al.*,<br><br>Defendants. | Civil Action No. 05-2066 (ESH) |

### OFFICER JAFFEE'S REPLY TO PLAINTIFFS' OPPOSITION TO OFFICER JAFFEE'S MOTION TO DISMISS

Officer James Jaffe, by and through undersigned counsel, hereby replies to plaintiffs' opposition to Officer Jaffee's motion to dismiss.

**I.   Plaintiffs Do Not Provide the Court with Good Cause for Their Failure to Comply with the Court's Most Recent Order Regarding Service of Officer Jaffee.**

Plaintiffs' opposition to Officer Jaffee's motion to dismiss does not provide the Court with good cause for their failure to comply with the Court's most recent order requiring service upon Officer Jaffee by August 27, 2006. In fact, plaintiffs' opposition does not provide the Court with any reason whatsoever for their most recent failure to comply with this Court's order and simply ignores the fact that plaintiffs again failed to serve Officer Jaffee within the time permitted by the Court. Good cause does not exist for plaintiffs' recent failure to comply with this Court's June 28, 2006 order as Officer Jaffe has worked six days a week, instead his usual five days, and has not taken any leave since that date. Since the inception of this lawsuit, Officer Jaffe has worked the same shift and been assigned to the Third District. As such, plaintiffs have had ample

opportunity to serve Officer Jaffe since this Court's recent extension but instead, simply ignored the Court's order.[1]

Plaintiffs have been granted at least three extensions of time to serve Officer Jaffe and are well beyond the 120-day deadline to serve a defendant as the complaint was filed over 10 months ago. In addition, the plaintiffs have failed to comply with every order this Court has given regarding service. The plaintiffs have ignored this Court's orders of February 2, 2006, February 23, 2006 and most recently of June 28, 2006. This case should be dismissed against Officer Jaffe pursuant to Fed. R. Civ. P. 41 (b) as plaintiffs have repeatedly failed to comply with this Court's orders and the Rules of Civil Procedure as they did not serve Officer Jaffee within the prescribed time period. Plaintiffs should not be permitted to proceed against Officer Jaffee when they have consistently failed to comply with the rules of this Court.

**II.    Officer Jaffee's Motion To Dismiss Was Not Untimely.**

Contrary to plaintiffs' assertion in their opposition, Officer Jaffee's motion to dismiss was not untimely. Plaintiffs failed to serve Officer Jaffee within the 120-day deadline to serve a named defendant pursuant to Fed. R. Civ. P. 4 and beyond the Court's deadline to serve Officer Jaffee and therefore, plaintiffs were beyond any authority to serve Officer Jaffee on August 29, 2006. As such, plaintiffs attempted service on Officer Jaffee outside of the above deadlines was a legal nullity and therefore, Officer Jaffee was not obligated to respond to plaintiffs' complaint. However, because Officer Jaffee is named in the caption of plaintiffs' complaint, he chose to move to dismiss plaintiffs' complaint. Officer Jaffee was not before the Court as a properly served defendant and therefore, Officer Jaffee was not obligated to respond to plaintiffs' complaint. A defendant is only obligated to respond to a complaint if he is properly served with

---

[1] In fact, a new summons was not issued for Officer Jaffee until August 23, 2006, which was only four days prior to the expiration of the Court's third extension to serve Officer Jaffee within sixty days.

2

a summons and complaint within the deadline of Fed. R. Civ. P. 4 (m) or within the specified time set by the Court. As such, Officer Jaffee's motion can not be considered untimely.

**III. Plaintiffs Have Failed to Respond to Officer Jaffee's Arguments Regarding the Statute of Limitations and Their Negligence Claims.**

Officer Jaffee argued in his motion to dismiss that the common law claims against him should be dismissed as: 1) the statute of limitations had run on plaintiffs' intentional tort claims and 2) plaintiffs improperly couched their negligence cause of action. Officer Jaffee argued in his motion that the one-year statute of limitations had expired prior to plaintiffs filing suit and therefore, the claims of assault & battery, false arrest & imprisonment, abuse of process, defamation, false light and intentional infliction of emotional distress were barred. In addition, Officer Jaffee argued that plaintiffs' complaint asserted a negligence cause of action against Officer Jaffe which was based on conclusory phrases that allege that Officer Jaffe falsely arrested and assaulted plaintiffs. However, the case law in the District of Columbia is clear that plaintiffs can not convert intentional torts claims into a negligence cause of action to manipulate the one-year statute of limitations. See *District of Columbia v. Chinn*, 839 A.2d 701 (D.C. 2003). Plaintiffs' have conceded the above two arguments as they have failed to address these arguments in their opposition.

                                          Respectfully submitted,

                                          ROBERT J. SPAGNOLETTI
                                          Attorney General for the District of Columbia

                                          GEORGE C. VALENTINE
                                          Deputy Attorney General
                                          General Litigation Division

BY: NICOLE L. LYNCH [471953]
    Chief, Section III
    General Litigation Division
    441 4th Street, N.W.
    Washington, DC 20001
    (202) 442-9848