UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROBIN RYNN, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 05-2066 (ESH) |
| JAMES JAFFE, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This case concerns allegations of police abuse stemming from an altercation between plaintiffs and defendants on October 20, 2002. Before the Court are defendant Officer James Jaffe's motion to dismiss, plaintiffs' response, and defendant's reply. Upon considering the pleadings and the entire record herein, the Court concludes that defendant is entitled to dismissal of the common-law tort claims, but not the constitutional claims under 42 U.S.C. § 1983.

**I.     Untimely Service**

Defendant urges the Court to dismiss the complaint *sua sponte* under Fed. R. Civ. P. 41(b), which provides for involuntary dismissal if a plaintiff "fail[s] to prosecute or to comply with these rules or any order of court." Defendant points to the fact that plaintiffs failed to meet their first two deadlines for service, as well as the fact that plaintiffs effected service two days after their most recent deadline. Courts may extend the service period even without a showing of good cause, *see* Fed. R. Civ. P. 4(m), and courts have used this discretion to excuse minor delays. *See, e.g.*, *Freeze-Dry Prods. v. Metro Park Warehouse*, 159 F.R.D. 45 (D. Kan. 1994) (service

one day late did not violate Fed. R. Civ. P. 4(m)). In *Hobson v. Wilson*, this Court denied a defendant's Rule 41(b) motion even in the face of plaintiff's "unusual indifference to the requirements of service," because defendant was not actually prejudiced by the delay. 556 F. Supp. 1157, 1185-86 (D.D.C. 1982), *aff'd in relevant part*, 737 F.2d 1, 45-46 (D.C. Cir. 1984). The Court in *Hobson* emphasized the fact that the defendant was situated professionally within a group of co-defendants. *Id.* Here, Officer Jaffe worked with his co-defendants. Moreover, there is no indication that the slight delay in service has prejudiced his ability to defend this action. Although the Court will not continue to countenance plaintiffs' persistent disregard for the Federal Rules and the Court's orders, since defendant in this instance was not prejudiced by plaintiffs' tardiness, the Court is unwilling to impose the extreme sanction of dismissal.[1]

## II.    Intentional Tort Claims

In the District of Columbia, claims of libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest, and false imprisonment are subject to a one-year statute of limitations. D.C. Code § 12-301(4). The occurrences alleged in the complaint occurred on October 20, 2002, but plaintiffs did not file their complaint until October 20, 2005. Therefore, plaintiffs' defamation, assault, battery, false arrest, and false imprisonment claims are time-barred, as are plaintiffs' claims of false light. *See Mittleman v. United States*, 104 F.3d 410, 415 (D.C. Cir. 1997); *Grunseth v. Marriott Corp.*, 872 F. Supp. 1069, 1074 (D.D.C. 1995) (finding false light to be "essentially a type of defamation" for purposes of the one-year statute of limitation), *aff'd*, 1996 U.S. App. LEXIS 3688 (D.C. Cir. Feb. 9, 1996).

---

[1] Given plaintiffs' failure to timely serve defendant, the Court agrees with defendant that his motion to dismiss was not, as argued by plaintiffs, a "legal nullity". (Pls.' Resp. at 2.)

Actions "for which a limitation is not otherwise specifically prescribed" are time-barred after three years. D.C. Code § 12-301(8). Residual tort claims, however, are subject to subsection 4's one-year limitation if they are sufficiently "intertwined" with subsection 4 claims. *Mittleman*, 104 F.3d at 415. To qualify for subsection 8's three-year limitation, a claim of intentional infliction of emotional distress ("IIED") must be "independent" in that it stems from conduct separate from the alleged subsection 4 wrongs. *Hunter v. Dist. of Columbia*, 943 F.2d 69, 72 (D.C. Cir. 1991); *Saunders v. Nemati*, 580 A.2d 660, 665 (D.C. 1990) (holding IIED claim based on verbal abuse to be independent of assault claim). Plaintiffs' IIED claim is listed last in their complaint, and it is supported only by reference to all of the preceding claims in the complaint. (Compl. ¶ 170.) Plaintiffs allege no independent basis for their IIED claim, so it merges with the subsection 4 torts and is time-barred.[2]

The only remaining tort claim against Officer Jaffe is abuse of process, which generally falls within subsection 8. *See Rothenberg v. Ralph D. Kaiser Co.*, 173 B.R. 4, 11 n.5 (Bankr. D.D.C. 1994). That plaintiff labels the claim "abuse of process" does not prevent the Court from finding that the claim actually alleges malicious prosecution. *Morfessis v. Baum*, 281 F.2d 938, 940 (D.C. Cir. 1960); *Zandford v. NASD*, 19 F. Supp. 2d 4, 8 (D.D.C. 1998). A crucial distinction between the two torts is whether the defendant has caused an act to issue with or without probable cause. *Zandford*, 19 F. Supp. 2d at 7 (citing 1 Am. Jur. 2d *Abuse of Process* § 3, at 412 (1994)). Because plaintiffs claim that defendants acted "without probable cause" (Compl. ¶¶ 14, 24, 33), their "abuse of process" claims against Officer Jaffe actually concern malicious prosecution. Therefore, plaintiffs' abuse of process claims are time-barred under D.C.

---

[2] Because IIED was plaintiff Amy Greer-Rynn's only claim, her suit is dismissed in full.

Code § 12-301(4).

**III.   Negligence**

The Court must test the sufficiency of the remaining claims under Fed. R. Civ. P. 12(b)(6). The Court must assume the truth of all factual allegations in the complaint and afford the plaintiffs all reasonable inferences. *E.g. Christopher v. Harbury*, 536 U.S. 403, 406 (2005); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). On a motion to dismiss, a plaintiff need not have alleged facts to meet every element of a prima facie case. *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114-15 (D.C. Cir. 2000); *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000); *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 421-22 (D.C. Cir. 1996). Rather, plaintiff need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47 (construing Rule 12(b)(6) in accordance with Rule 8(a)(2)).

Despite this standard, plaintiffs' negligence claims cannot survive. In order to state a separate claim for negligence, a complaint "must specify a negligent act and characterize a breach of duty which might have given rise to liability. . . . [U]se of the terms 'carelessly and negligently,' without more, are conclusory and do not raise a cognizable claim of negligence." *Dist. of Columbia v. Chinn*, 839 A.2d 701, 708 (D.C. 2003); *see Maddox v. Bano*, 422 A.2d 763, 764-65 (D.C. 1980). Plaintiffs claim that Officer Jaffe's "negligent" acts include pulling

plaintiffs to the ground; beating, threatening, restraining, arresting, and falsely imprisoning plaintiffs; and not permitting one plaintiff to use bathroom facilities. (Compl. ¶¶ 81, 125, 169.) In essence, plaintiffs point to the same intentional acts that underlie their other tort claims, but they append the word "negligently". This is insufficient under *Sabir v. District of Columbia*. 755 A.2d 449, 452-453 (D.C. 2000) (affirming directed verdict against plaintiff on claim of "negligently caus[ing] the assault and battery, arrest and detention of plaintiffs"). Because plaintiffs have failed to provide independent support for a claim of negligence against Officer Jaffe, the Court must dismiss the negligence counts.

## IV.     Civil Rights Claims

Finally, plaintiffs allege that Officer Jaffe deprived them of their constitutional rights. In order to state a claim for relief under 42 U.S.C. § 1983, plaintiffs "must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Here, plaintiffs allege that Officer Jaffe was acting at all times as a state law enforcement officer, rather than as a private individual. Because the acts were presumably committed "under color of state law", the sufficiency of plaintiffs' claims turns on the asserted deprivation of constitutional rights.

### A.     Ninth and Tenth Amendment Claims

As a preliminary matter, plaintiffs cannot cite the Ninth Amendment of the U.S. Constitution to support a § 1983 action. The Ninth Amendment establishes that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. As courts have consistently held, the

Ninth Amendment is a rule of construction, not a substantive basis for a civil rights claim. *Wardlaw v. Pickett*, 1990 U.S. Dist. LEXIS 16704, at *10 (D.D.C. Dec. 5, 1990); *accord Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991); *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991); *Clynch v. Chapman*, 285 F. Supp. 2d 213, 219 (D. Conn. 2003); *Nicolette v. Caruso*, 315 F. Supp. 2d 710, 718 (W.D. Pa. 2003); *Coleman v. Parra*, 163 F. Supp. 2d 876, 886 (S.D. Ohio 2000); *Basile v. Elizabethtown Area Sch. Dist.*, 61 F. Supp. 2d 392, 403 (E.D. Pa. 1999); *Mann v. Meachem*, 929 F. Supp. 622, 634 (N.D.N.Y. 1996); *Rini v. Zwirn*, 886 F. Supp. 270, 289-90 (E.D.N.Y. 1995); *Charles v. Brown*, 495 F. Supp. 862, 863-64 (N.D. Ala. 1980).

Plaintiffs' invocation of the Tenth Amendment, which reserves residual powers to the states or the people, is similarly inapposite. *Strandberg v. City of Helena*, 791 F.2d 744, 749 (9th Cir. 1986); *United States v. Park*, 2006 U.S. Dist. LEXIS 26942, at *3 (W.D. Wash. May 5, 2006); *Miller v. Guilford Tech. Cmty. Coll.*, 1998 U.S. Dist. LEXIS 15153, at *9-*10 (M.D.N.C. June 15, 1998); *Robinson v. Vaughn*, 1993 U.S. Dist. LEXIS 15566, at *21 (E.D. Pa. Nov. 1, 1993); *see also United States v. Darby*, 312 U.S. 100, 124 (1941) ("There is nothing in the history of [the Tenth Amendment's] adoption to suggest that it was more than declaratory of the relationship between the national and state governments[.]").

### B. Fourth, Fifth, Sixth, Eighth[3], and Fourteenth Amendment Claims

---

[3] Plaintiffs' complaint and opposition contradict each other regarding their Eighth Amendment claims against Officer Jaffe. At paragraphs 2 and 36 of the complaint, plaintiffs generally allege a violation of the Eighth Amendment. Counts III, XIII, and XXIII of the complaint fail to particularize any Eighth Amendment claim, however, even as they describe violations of other referenced constitutional provisions. (Compl. ¶¶ 47, 92, 136.) Only in their opposition to the motion to dismiss do plaintiffs expressly assert that Officer Jaffe subjected them to cruel and unusual punishment. (Pls.' Opp'n at ¶ 20.) Given the minimal standard of pleading, the Court must conclude that the complaint gives defendant "fair notice" of cruel-and-unusual-punishment claims arising out of Officer Jaffe's alleged use of excessive force against

While the facts in the complaint need not add up to a prima facie case, plaintiffs must notify defendant of the nature and grounds of their respective civil rights claims. Since the Court must accept plaintiffs' allegations as true, plaintiffs' allegedly unwarranted and pretextual arrests fulfill the minimal requirements for pleading claims under the Fourth Amendment (freedom from arrest without probable cause; freedom from unreasonable seizure), the Sixth Amendment (right to be informed of accusation), and the Fifth and Fourteenth Amendments (due process; equal protection). Plaintiffs allege that Officer Jaffe acted "violently" and "forcibly", giving rise to a due process claim of excessive force. *Cf. Sparrow*, 216 F.3d at 1115 (holding the mere statement "I was turned down for a job because of my race" sufficient to state a claim under Fed. R. Civ. P. 12(b)(6)), *cited with approval in Chappell-Johnson v. Powell*, 440 F.3d 484, 487 (D.C. Cir. 2006); *Rochon v. Gonzales*, 438 F.3d 1211, 1220 (D.C. Cir. 2006); *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003). More specifically, plaintiff John Rynn alleges that Officer Jaffe slammed a limousine door on his leg, falsely accused him of assaulting an officer, and participated in beating him. (Compl. ¶¶ 22-24.) Plaintiff Robin Rynn accuses defendant of forcibly removing her from the vehicle and slamming her to the ground. (Compl. ¶¶ 23-24, 28-29, 31.) Plaintiff Daniel Mason claims that defendant threatened him with detention if he did not retrieve an empty beer can, yet forcibly grabbed and arrested him upon compliance. (Compl. ¶¶ 17-19, 24, 30-31.) These factual allegations are clearly sufficient to state a claim for violation of plaintiffs' Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

## CONCLUSION

For the reasons stated above, the Court will grant defendant's motion to dismiss with

---

all three § 1983 plaintiffs.

respect to plaintiffs' common-law tort claims.  The Court denies defendant's motion to dismiss with respect to plaintiffs' civil rights claims.  A separate Order accompanies this Memorandum Opinion.

                                                /s/
                              ELLEN SEGAL HUVELLE
                              United States District Judge

DATE:   October 20, 2006