IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **ROBIN RYNN,** *et al.,* | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Civil Action No: 05-2066 (ESH) |
| | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| **JAMES JAFFE,** *et. al.,* | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**DEFENDANTS JAMES JAFFE AND ANTHONY BAKER'S
ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants James Jaffe and Anthony Baker ("defendants"), by and through undersigned counsel, hereby answer the complaint in the above-captioned matter. The defendants assert that anything not specifically admitted herein is denied, and answer the complaint as follows:

**FIRST DEFENSE**

The complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The defendants state the following in response to the individually numbered paragraphs in the complaint.

**INTRODUCTION**

1. The allegations asserted in paragraph 1 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 1 contains factual allegations, the

defendants deny all factual allegations contained in paragraph 1 and demand strict proof thereof at trial.

## JURISDICTION AND VENUE

2. The allegations asserted in paragraphs 2-6 of the complaint are legal conclusions to which no response is required. The defendants acknowledge the statutes cited in paragraph 2-6 of the Complaint, but do not admit that jurisdiction or venue necessarily are conferred therefrom.

## PARTIES

3. To the extent that paragraph 7 contains factual allegations, the defendants are without sufficient information to admit or deny said allegations.

4. To the extent that paragraph 8 contains factual allegations, the defendants are without sufficient information to admit or deny said allegations.

5. To the extent that paragraph 9 contains factual allegations, the defendants are without sufficient information to admit or deny said allegations.

6. To the extent that paragraph 10 contains factual allegations, the defendants are without sufficient information to admit or deny said allegations. In addition, Amy Greer-Rynn is no longer a party to this case,

7. The allegations asserted in paragraph 11 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 11 contains factual allegations; the defendant James Jaffe admits that he is "employed by the DC Metropolitan Police Department." The defendant denies all other factual allegations contained in paragraph 11 and demands strict proof thereof at trial.

8. The allegations asserted in paragraph 12 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 12 contains factual allegations; the defendant Anthony Baker admits that he is "employed by the DC Metropolitan Police Department." The defendant denies all other factual allegations contained in paragraph 12 and demands strict proof thereof at trial.

9. Sergeant Delise has been dismissed from the lawsuit, no response is required to paragraph 13.

## **FACTS COMMON TO ALL COUNTS**

10. In response to paragraph 14, defendants incorporate their answers to paragraphs 1 through 13 as stated above.

11. The defendants are without sufficient information to admit or deny any factual allegations contained in paragraph 15.

12. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 16 of the complaint.

13. The defendants are without sufficient information to admit or deny the allegations contained in the first two sentences of paragraph 17 of the complaint. Defendant Jaffe denies the allegations contained in the last sentence of paragraph 17.

14. Defendants deny the allegations contained in paragraph 18 of the complaint.

15. Defendants deny the allegations contained in paragraph 19 of the complaint

16. The defendants are without sufficient information to admit or deny any factual allegations contained in paragraph 20.

17. The defendants are without sufficient information to admit or deny any factual allegations contained in paragraph 21.

18. Sergeant Delise has been dismissed from the lawsuit, no response is required to the first sentence of paragraph 22 as it relates to Sergeant Delise. Defendants deny the remaining factual allegations contained in paragraph 22, and demand strict proof thereof at trial.

19. The defendants deny all allegations contained in paragraph 23.

20. The defendants admit that plaintiffs Robin Rynn, John Rynn, and Daniel Mason were arrested and taken into police custody. Defendants deny the remaining factual allegations contained in paragraph 24.

21. Defendant Baker admits that he transported Robin Rynn to the precinct. Defendant Baker denies the remaining factual allegations contained in paragraph 25.

22. Defendant Baker denies the allegations contained in paragraph 26.

23. The defendants deny all allegations contained in paragraph 27.

24. The defendants are without sufficient information to admit or deny any factual allegations contained in paragraph 28.

25. The defendants are without sufficient information to admit or deny any factual allegations contained in paragraph 29.

26. The defendants deny all allegations contained in paragraph 30, and demand strict proof thereof at trial.

27. The allegations asserted in paragraph 31 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 31 contains factual allegations, the defendants deny said allegations and demand strict proof thereof at trial.

28. The allegations asserted in paragraph 32 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 32 contains factual allegations, the defendants deny said allegations and demand strict proof thereof at trial.

29. The allegations asserted in paragraph 33 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 33 contains factual allegations, the defendants deny said allegations and demand strict proof thereof at trial.

30. The allegations asserted in paragraph 34 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 34 contains factual allegations, the defendants deny said allegations and demand strict proof thereof at trial.

31. The allegations asserted in paragraph 35 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 35 contains factual allegations, the defendants deny said allegations and demand strict proof thereof at trial.

32. The allegations asserted in paragraph 36 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 36 contains factual allegations, the defendants deny said allegations and demand strict proof thereof at trial.

## COUNT I:  ASSAULT AND BATTERY
## OFFICER JAFFE (JOHN RYNN)

33. Count I of the plaintiffs' complaint has been dismissed, therefore paragraphs 37-40 require no response.

## COUNT II:  ASSAULT AND BATTERY
## OFFICER BAKER (JOHN RYNN)

34. Count I of the plaintiffs' complaint has been dismissed, therefore paragraphs 41-44 require no response.

## COUNT III: 42 U.S.C. §1983
## OFFICERS JAFFE AND BAKER (JOHN RYNN)

35. The defendants incorporate by reference its responses to paragraphs one through 45 of the complaint. Further, Officer Delise has been dismissed from the lawsuit, no response to Count III is required as it relates to him.

36. The allegations asserted in paragraph 46 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 46 contains factual allegations, the defendants deny the allegations.

37. The allegations asserted in paragraph 47 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 47 contains factual allegations, the defendants deny the allegations.

38. The allegations asserted in paragraph 48 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 48 contains factual allegations, the defendants are without sufficient information to admit or deny the factual allegations contained in paragraph 48 of the complaint.

39. The allegations asserted in paragraph 49 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 49 contains factual allegations, the defendants deny the allegations.

### COUNT IV: FALSE ARREST & FALSE IMPRISONMENT
### OFFICER JAFFE (JOHN RYNN)

40. Count IV of the plaintiffs' complaint has been dismissed, therefore paragraphs 50-52 require no response.

### COUNT V: FALSE ARREST & FALSE IMPRISONMENT
### OFFICER BAKER (JOHN RYNN)

41. Count V of the plaintiffs' complaint has been dismissed, therefore paragraphs 53-55 require no response.

### COUNT VI: FALSE ARREST & FALSE IMPRISONMENT
### OFFICER DELISE (JOHN RYNN)

42. Count VI of the plaintiffs' complaint has been dismissed, therefore paragraphs 56-58 require no response. Further, Officer Delise has been dismissed from the lawsuit, no response to Count VI is required as it relates to him.

### COUNT VII: ABUSE OF PROCESS
### OFFICER JAFFE (JOHN RYNN)

43. Count VII of the plaintiffs' complaint has been dismissed, therefore paragraphs 59-62 require no response.

### COUNT VIII: DEFAMATION
### OFFICERS JAFFE, BAKER, AND DELISE (JOHN RYNN)

44. Count VIII of the plaintiffs' complaint has been dismissed, therefore paragraphs 63-70 require no response. Further, Officer Delise has been dismissed from the lawsuit, no response to Count VIII is required as it relates to him.

### COUNT IX: FALSE LIGHT
### OFFICERS JAFFE, BAKER, AND DELISE (JOHN RYNN)

45. Count IX of the plaintiffs' complaint has been dismissed, therefore paragraphs 71-79 require no response.  Further, Officer Delise has been dismissed from the lawsuit, no response to Count IX is required as it relates to him.

### COUNT X: NEGLIGENCE
### OFFICERS JAFFE, BAKER, AND DELISE (JOHN RYNN)

46. Count X of the plaintiffs' complaint has been dismissed, therefore paragraphs 80-81 require no response.  Further, Officer Delise has been dismissed from the lawsuit, no response to Count X is required as it relates to him.

### COUNT XI: ASSAULT AND BATTERY
### OFFICER JAFFE (ROBIN RYNN)

47. Count XI of the plaintiffs' complaint has been dismissed, therefore paragraphs 82-85 require no response.

### COUNT XII: ASSAULT AND BATTERY
### OFFICER BAKER (ROBIN RYNN)

48. Count XII of the plaintiffs' complaint has been dismissed, therefore paragraphs 86-89 require no response.

### COUNT XIII: 42 U.S.C. §1983
### OFFICERS JAFFE, BAKER, AND DELISE (ROBIN RYNN)

49. The defendants incorporate by reference its responses to paragraphs 1-89 of the complaint.  Further, Officer Delise has been dismissed from the lawsuit, no response to Count XIII is required as it relates to him.

50. The allegations asserted in paragraph 91 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 91 contains factual allegations, the defendants deny the allegations.

51. The allegations asserted in paragraph 92 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 92 contains factual allegations, the defendants deny the allegations.

52. The allegations asserted in paragraph 93 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 93 contains factual allegations, the defendants are without sufficient information to admit or deny the factual allegations contained in paragraph 93 of the complaint.

53. The allegations asserted in paragraph 94 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 94 contains factual allegations, the defendants deny the allegations.

### COUNT XIV:  FALSE ARREST & FALSE IMPRISONMENT
### OFFICER JAFFE (ROBIN RYNN)

54. Count XIV of the plaintiffs' complaint has been dismissed, therefore paragraphs 95-97 require no response.

### COUNT XV:  FALSE ARREST & FALSE IMPRISONMENT
### OFFICER BAKER (ROBIN RYNN)

55. Count XV of the plaintiffs' complaint has been dismissed, therefore paragraphs 98-100 require no response.

### COUNT XVI:  FALSE ARREST & FALSE IMPRISONMENT
### OFFICER DELISE (ROBIN RYNN)

56. Count XVI of the plaintiffs' complaint has been dismissed, therefore paragraphs 101-103 require no response.  Further, Officer Delise has been dismissed from the lawsuit, no response to Count XVI is required as it relates to him.

### COUNT XVII:  ABUSE OF PROCESS
### OFFICER JAFFE (ROBIN RYNN)

57. Count XVII of the plaintiffs' complaint has been dismissed, therefore paragraphs 104-107 require no response.

### COUNT XVIII:  DEFAMATION
### OFFICERS JAFFE, BAKER, AND DELISE (JOHN RYNN)

58. Count XVIII of the plaintiffs' complaint has been dismissed, therefore paragraphs 108-115 require no response.  Further, Officer Delise has been dismissed from the lawsuit, no response to Count XVIII is required as it relates to him.

### COUNT XIX:  FALSE LIGHT
### OFFICERS JAFFE, BAKER, AND DELISE (ROBIN RYNN)

59. Count XIX of the plaintiffs' complaint has been dismissed, therefore paragraphs 116-123 require no response.  Further, Officer Delise has been dismissed from the lawsuit, no response to Count XIX is required as it relates to him.

### COUNT XX:  NEGLIGENCE
### OFFICERS JAFFE, BAKER, AND DELISE (ROBIN RYNN)

60. Count XX of the plaintiffs' complaint has been dismissed, therefore paragraphs 124-125 require no response.  Further, Officer Delise has been dismissed from the lawsuit, no response to Count XX is required as it relates to him.

### COUNT XXI: ASSAULT AND BATTERY
### OFFICER JAFFE (DANIEL MASON)

61. Count XXI of the plaintiffs' complaint has been dismissed, therefore paragraphs 126-129 require no response.

### COUNT XXII: ASSAULT AND BATTERY
### OFFICER BAKER (DANIEL MASON)

62. Count XXII of the plaintiffs' complaint has been dismissed, therefore paragraphs 130-133 require no response.

### COUNT XXIII: 42 U.S.C. §1983
### OFFICERS JAFFE, BAKER, AND DELISE (DANIEL MASON)

63. The defendants incorporate by reference its responses to paragraphs 1-133 of the complaint. Further, Officer Delise has been dismissed from the lawsuit, no response to Count XXIII is required as it relates to him.

64. The allegations asserted in paragraph 135 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 135 contains factual allegations, the defendants deny the allegations.

65. The allegations asserted in paragraph 136 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 136 contains factual allegations, the defendants deny the allegations.

66. The allegations asserted in paragraph 137 of the complaint are legal conclusions to which no response is required. To the extent that paragraph 137 contains factual allegations, the defendants are without sufficient information to admit or deny the factual allegations contained in paragraph 137 of the complaint.

67. The allegations asserted in paragraph 138 of the complaint are legal conclusions to which no response is required.  To the extent that paragraph 138 contains factual allegations, the defendants deny the allegations.

### COUNT XXIV:  FALSE ARREST & FALSE IMPRISONMENT
### OFFICER JAFFE (DANIEL MASON)

68. Count XXIV of the plaintiffs' complaint has been dismissed, therefore paragraphs 139-141 require no response.

### COUNT XXV:  FALSE ARREST & FALSE IMPRISONMENT
### OFFICER BAKER (DANIEL MASON)

69. Count XXV of the plaintiffs' complaint has been dismissed, therefore paragraphs 142-144 require no response.

### COUNT XXVI:  FALSE ARREST & FALSE IMPRISONMENT
### OFFICER DELISE (DANIEL MASON)

70. Count XXVI of the plaintiffs' complaint has been dismissed, therefore paragraphs 145-147 require no response.  Further, Officer Delise has been dismissed from the lawsuit, no response to Count XXVI is required as it relates to him.

### COUNT XXVII:  ABUSE OF PROCESS
### OFFICER JAFFE (DANIEL MASON)

71. Count XXVII of the plaintiffs' complaint has been dismissed, therefore paragraphs 148-151 require no response.

### COUNT XXVIII: DEFAMATION
### OFFICERS JAFFE, BAKER, AND DELISE (DANIEL MASON)

72. Count XXVIII of the plaintiffs' complaint has been dismissed, therefore paragraphs 152-159 require no response. Further, Officer Delise has been dismissed from the lawsuit, no response to Count XXVIII is required as it relates to him.

### COUNT XXIX: FALSE LIGHT
### OFFICERS JAFFE, BAKER, AND DELISE (DANIEL MASON)

73. Count XXIX of the plaintiffs' complaint has been dismissed, therefore paragraphs 160-167 require no response. Further, Officer Delise has been dismissed from the lawsuit, no response to Count XXIX is required as it relates to him.

### COUNT XXX: NEGLIGENCE
### OFFICERS JAFFE, BAKER, AND DELISE (DANIEL MASON)

74. Count XXX of the plaintiffs' complaint has been dismissed, therefore paragraphs 168-169 require no response. Further, Officer Delise has been dismissed from the lawsuit, no response to Count XXX is required as it relates to him.

### COUNT XXXI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### OFFICERS JAFFE, BAKER, AND DELISE
### (JOHN RYNN, ROBIN RYNN, DANIEL MASON, AMY GREER-RYNN)

75. Count XXXI of the plaintiffs' complaint has been dismissed, therefore paragraphs 170-172 require no response. Further, Officer Delise has been dismissed from the lawsuit; no response to Count XXXI is required as it relates to him.

**DEFENDANTS** specifically deny anything not admitted expressly herein.

### THIRD DEFENSE

If plaintiffs were injured and/or damaged as alleged in the complaint, said injuries and/or damages resulted from plaintiffs' own willful conduct or contributory negligence.

### FOURTH DEFENSE

If plaintiffs were injured and/or damaged as alleged in the complaint, recovery for said injuries and/or damages is barred, because the plaintiffs assumed the risk of such injuries by their own willful conduct.

### FIFTH DEFENSE

If the plaintiffs were injured and/or damaged as alleged in the complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct or negligence of a person or persons, other than the defendants, acting within the scope of their employment.

### SIXTH DEFENSE

All actions performed by the defendants, while acting within the scope of their employment, met or exceeded the applicable standard of care.

### SEVENTH DEFENSE

Plaintiffs might have failed to mitigate any damages that they may have incurred.

### EIGHTH DEFENSE

Plaintiffs' claim might be barred by the applicable statute of limitations.

### NINTH DEFENSE

If plaintiffs were injured and/or damaged as alleged in the complaint, the defendants' conduct was performed in self-defense or to protect the safety others.

### TENTH DEFENSE

All federal claims against the individual defendants are barred by the doctrine of qualified immunity.

**DEFENDANTS** reserve the right to Amend their Answer.

## **SET-OFF**

The District of Columbia asserts a set-off for all funds and services provided to the plaintiffs through Medicare, Medicaid, public assistance or other sources.

WHEREFORE, the defendants pray the Court dismisses the complaint and awards defendants the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

    Respectfully submitted,

    EUGENE A. ADAMS
    Interim Attorney General

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    _____/s/_____
    NICOLE L. LYNCH (471953)
    Chief, General Litigation Section II

    _____/s/_____
    TONI MICHELLE JACKSON (453765)
    Assistant Attorney General
    441 Fourth Street, N.W., Suite 6S052
    Washington, D.C. 20001
    (202) 724-6602
    (202) 727-3625 (fax)
    E-mail:  toni.jackson@dc.gov

## REQUEST AND DEMAND FOR JURY TRIAL

Defendants, by and through their counsel, respectfully request a jury trial in this matter.

        Respectfully submitted,

        EUGENE A. ADAMS
        Interim Attorney General

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        _____/s/_____
        NICOLE L. LYNCH (471953)
        Chief, General Litigation Section II

        _____/s/_____
        TONI MICHELLE JACKSON (453765)
        Assistant Attorney General
        441 Fourth Street, N.W., Suite 6S052
        Washington, D.C. 20001
        (202) 724-6602
        (202) 727-3625 (fax)
        E-mail:  toni.jackson@dc.gov