**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division**

| | |
|---|---|
| **ROBIN RYNN,** *et al.,* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No: 05-2066 (ESH) |
| ) | |
| ) | |
| **JAMES JAFFE,** *et. al.,* ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## DEFENDANTS' RULE 16.3 REPORT

The defendants hereby submit the following report in accordance with Local Rule 16.3 of the Civil Rules of this Court and the Chambers' Rules of Judge Ellen S. Huvelle. Toni Michelle Jackson appears for the Defendants Anthony Baker and James Jaffe. Counsel attempted to meet and confer with plaintiff's Counsel on November 7th, by sending a draft of Defendants' proposed Rule 16.3 Report. There, however, has been no response to defendants' proposed Report.

The numbered paragraphs that follow the statement of the case correspond to the identically numbered paragraphs in Local Rule 16.3. Per Judge Huvelle's Order for Initial Scheduling Conference, defendants provide a brief statement of the case and the statutory basis for all causes of action and defenses.

1

1. Defendants believe that dispositive motions may be appropriate after the close of discovery. Currently, no dispositive motions are before the Court.

2. Defendants do not believe that factual and legal issues can be agreed upon or narrowed at this time.

3. Defendants propose that this case should not be assigned to a magistrate judge for any purpose other than mediation.

4. It is unclear at this early stage of the litigation whether there is a realistic possibility of settling this case.

5. The parties will contact the Court should they determine that the case would benefit from ADR.

6. Defendants believe that this case may be resolved by summary judgment after the close of discovery. Any dispositive motions should be filed on or before May 17, 2007.

7. Defendants propose that the parties dispense with initial disclosures.

8. Defendants propose that discovery close on or before April 15, 2007. Defendants propose that the parties serve their written discovery requests on or before December 27, 2006. (*See* Defendants' Proposed Scheduling Order.)

Defendants propose that they be allowed to propound 30 interrogatories to each Plaintiff. Defendants propose that Plaintiff should not exceed the ten (10) depositions allowed under Federal Rule of Civil Procedure 30 and Local Rule 30,

unless they seek leave of Court by motion. Defendants will not take more than 10 depositions between the two of them.

9. Defendants propose that Plaintiff's Rule 26(a)(2) disclosures, if any, be made by February 5, 2007 and Defendants' disclosures be made by March 7, 2007.

10. The matters set forth in Local Rule 16.3(c)(10) are limited to class actions and are thus inapplicable to this case.

11. Defendants believe that bifurcation should not be utilized in this case at this time. Defendants Jaffe and Baker reserve the right to raise this issue later in this lawsuit as the factual record is developed.

12. Defendants believe that a pretrial conference should be held within 30 days after the Court rules on dispositive motions filed after the close of discovery. If no dispositive motions are filed, defendants believe that a pretrial conference should be held on June 30, 2007.

13. Defendants believe that a trial date should be set at the pretrial conference.

14. No other matters have been discussed between the parties that would be appropriate for inclusion in a scheduling order.

15. Defendants' Proposed Scheduling Order is attached hereto for the Court's consideration.

## **STATEMENT OF THE CASE AND STATUTORY BASIS FOR CAUSES OF ACTION AND DEFENSES**

Defendants' Contentions

The Defendants deny all allegations of wrongdoing from acts of commission or omission. The Defendants do not believe that they have violated any laws, or are liable for any misconduct. Specific defenses are as follows:

*Defendant James Jaffe's Defenses*:

1. If plaintiffs were injured and/or damaged as alleged in the complaint, said injuries and/or damages resulted from plaintiffs' own willful conduct or contributory negligence.

2. If plaintiffs were injured and/or damaged as alleged in the complaint, recovery for said injuries and/or damages is barred, because the plaintiffs assumed the risk of such injuries by their own willful conduct.

3. If the plaintiffs were injured and/or damaged as alleged in the complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct or negligence of a person or persons, other than Officer Jaffe.

4. All actions performed by Officer Jaffe met or exceeded the applicable standard of care.

5. Plaintiffs might have failed to mitigate any damages that they may have incurred.

6. If Plaintiffs were injured and/or damaged as alleged in the Complaint, Officer Jaffe's conduct was performed in self-defense or to protect the safety others.

7. All federal claims against Officer Jaffe are barred by the doctrine of qualified immunity.

*Defendant Anthony Baker's Defenses*:

8. If plaintiffs were injured and/or damaged as alleged in the complaint, said injuries and/or damages resulted from plaintiffs' own willful conduct or contributory negligence.

9. If plaintiffs were injured and/or damaged as alleged in the complaint, recovery for said injuries and/or damages is barred, because the plaintiffs assumed the risk of such injuries by their own willful conduct.

10. If the plaintiffs were injured and/or damaged as alleged in the complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct or negligence of a person or persons, other than Officer Baker.

11. If the Plaintiffs were injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct of a person or persons other than Officer Baker.

12. If Plaintiffs were injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than the Officer Baker.

13. All actions performed by Officer Baker met or exceeded the applicable standard of care.

14. Plaintiffs might have failed to mitigate any damages that they may have incurred.

15. If Plaintiffs were injured and/or damaged as alleged in the Complaint, Officer Baker's conduct was performed in self-defense or to protect the safety others.

16. All federal claims against Officer Baker are barred by the doctrine of qualified immunity.

DATED: November 9, 2006       Respectfully submitted,

                              EUGENE A. ADAMS
                              Interim Attorney General

                              GEORGE C. VALENTINE
                              Deputy Attorney General
                              Civil Litigation Division

                              _____/s/_____
                              NICOLE L. LYNCH [471953]
                              Chief, General Litigation Section II

                              _____/s/_____

TONI MICHELLE JACKSON [453765]
Assistant Attorney General
General Litigation Division, Section II
441 4th Street, N.W., 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
toni.jackson@dc.gov

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division**

| | |
|---|---|
| **ROBIN RYNN,** *et al.,*             ) | |
| )                                                      | |
| **Plaintiffs,**           ) | |
| )                                                      | |
| v.                                 ) | Civil Action No: 05-2066 (ESH) |
| )                                                      | |
| )                                                      | |
| **JAMES JAFFE,** *et. al.,*             ) | |
| )                                                      | |
| **Defendants.**           ) | |
| _____ )  | |

## DEFENDANTS' PROPOSED SCHEDULING ORDER

Upon consideration of the Defendants' Rule 16.3 Report, it is hereby

ORDERED that the following schedule for discovery, dispositive motions, pretrial conference, and trial is adopted:

| Event | Date/Deadline |
|---|---|
| Initial Disclosures | N/A |
| Written Discovery Requests | December 27, 2006 |
| Plaintiff's Rule 26(a)(2) Disclosures | February 5, 2007 |
| Amend Complaint | N/A |
| Defendant's Rule 26(a)(2) Disclosures | March 7, 2007 |
| Close of Discovery (including expert discovery) | April 15, 2007 |
| Dispositive Motions | May 17, 2007 |
| Oppositions to Dispositive Motions | June 1, 2007 |
| Reply in Support of Dispositive Motion | June 8, 2007 |

| Event | Date/Deadline |
|---|---|
| **Filing of Pretrial Statements** | One week before pretrial conference |
| **Pretrial Conference** | Thirty (30) days after the Court's ruling on dispositive motions filed after the close of discovery; if no dispositive motions are filed, then June 30, 2007. |
| **Jury Trial** | To be set at pretrial conference |

This schedule may be modified at any time by the Court's own motion or upon motion of a party only upon showing of good cause.

Entered this __ day of _____, 2006.

_____
District Judge Ellen S. Huvelle

Copy to:

**COUNSEL FOR PLAINTIFFS:**
Russell Anthony Neverdon, Sr.
2225 St. Paul Street
Second Floor
Baltimore, MD 21218

**COUNSEL FOR DEFENDANTS:**
Toni Michelle Jackson
Assistant Attorney General
General Litigation Division, Section II
441 4th Street, N.W., 6S052
Washington, D.C. 20001