## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

**ROBIN RYNN,** *et al.,*

            **Plaintiffs,**

  **v.**

                **Civil Action No: 05-2066 (ESH)**

**JAMES JAFFE,** *et. al.,,*

         **Defendants**

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Defendants James Jaffe and Anthony Baker ("defendant"), through undersigned counsel and pursuant to Fed.R.Civ.P. 37(a), by and through undersigned counsel, respectfully moves this Honorable Court for judgment in its favor. Plaintiffs have not complied with the Court's Order compelling them to answer the defendants' Discovery Requests by February 1, 2007, and this is not the first deadline that plaintiffs have ignored, as more fully explained below. A Memorandum of Points and Authorities in Support of this Motion, and proposed Order, are attached hereto.

Pursuant to Local Rule 7(m), undersigned counsel called Mr. Neverdon on February 2, 2007, in an attempt to resolve the outstanding discovery issues, plaintiffs' counsel and the undersigned counsel were not able to resolve the discovery disputes.

                                   Respectfully submitted,

                                   LINDA SINGER
                                   Acting Attorney General

                                   GEORGE C. VALENTINE
                                   Deputy Attorney General

Civil Litigation Division

_____/s/Nicole L. Lynch_____
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II


_____/s/Toni Michelle Jackson_____
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail:  toni.jackson@dc.gov


## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2007, I caused the foregoing DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Russell Neverdon, Sr., Esquire
2225 Saint Paul Street, Second Floor
Baltimore, MD 21218


_____/s/Toni Michelle Jackson_____
TONI MICHELLE JACKSON
Assistant Attorney General

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBIN RYNN, *et al.,*** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No: 05-2066 (ESH)** |
| **JAMES JAFFE, *et. al.,,*** | |
| **Defendants** | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

I.     PRELIMINARY STATEMENT

1. On October 20, 2005, plaintiffs filed their complaint against three Metropolitan Police Department officers: Officer James Jaffe, Officer Anthony Baker and Officer Samuel Delisi.  On February 2, 2006, this Court ordered plaintiffs file proof of service on the defendants within 120 days from the date of the filing of the Complaint (October 20, 2005), which was February 20, 2006, or the case would be dismissed.  Plaintiffs did not comply with this order but instead filed a "response" requesting an additional thirty days to serve the defendants on February 21, 2006, one day after the Court ordered deadline.

2. On February 22, 2006, the Court dismissed plaintiffs' complaint for lack of prosecution.

3. On February 23, 2006, the Court granted plaintiffs' request for an additional thirty days to serve the defendants and ordered that proof of service be filed within thirty days. Plaintiffs again did not comply with this Court order.

4.  On March 24, 2006, the plaintiffs filed a document titled "notice of status of service" that requested alternative service on the defendants.[1]  However, on April 19, 2006, the Court again dismissed the case without prejudice stating the plaintiffs had not filed proof of service for Officer Baker or Officer Jaffe as required by the Court's previous February 23rd order and had not filed a motion for an extension of time to serve the two officers.

5.  On April 28, 2006, plaintiffs filed their third request regarding service of the named defendants. On this date, plaintiffs moved for another extension of time to serve Officer Jaffe and moved to vacate the dismissal of Officer Baker and Officer Jaffe.

6.  On May 8, 2006, which was four days after plaintiffs' motions had been entered into the ECF system; the Court granted plaintiffs' motion to vacate the dismissal and granted the plaintiffs' motion for extension of time to serve Officer Jaffe within thirty days.  In this order, the Court also granted plaintiffs' request to leave a copy of the summons and complaint with the Clerk of the Court.

7.  On June 28, 2006, after a status conference was held in the case, the Court vacated its order granting plaintiff's request to serve Officer Jaffe by leaving a copy with of the summons and complaint with the Clerk of the Court.  However, the Court did grant plaintiff another extension of time to serve Officer Jaffe and ordered that plaintiff had sixty days to serve Officer Jaffe consistent with Fed. R. Civ. P. 4.  As such, plaintiffs had until August 27, 2006, to serve Officer Jaffe but failed to do so.  Plaintiffs again ignored this Court's order and instead served Officer Jaffe beyond the court deadline

---

1 The defendants only received notice of this document on April 11, 2006 when it was "entered" but the docket reflects it being "filed" on March 24, 2006.

on August 29, 2006.

8. On September 19, 2006, Officer Jaffe moved to dismiss plaintiffs' Complaint, as plaintiffs had failed to timely serve the Complaint, and because it was over 10 months since the Complaint had been filed.  Officer Jaffe also argued that the plaintiffs had failed to serve defendant within the time set by the Court's most recent extension of time to serve.  The Court denied, in part, the Motion.

9. On November 7, 2006, the undersigned counsel attempted to Meet and Confer with plaintiffs' counsel.  Plaintiffs' counsel never responded, and defendants submitted the Rule 16.3 Report without plaintiffs' input.

10. On November 17, 2006, the parties attended the Meet and Confer Hearing before the Court.  The Court issued a Scheduling Order in this matter, and ordered that discovery would be due by April 20, 2007, and set the next Status Conference for April 26, 2007.

11. On November 17, 2006, defendants mailed its Notice of Taking Oral Depositions and Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents by U.S. Mail, postage prepaid, to plaintiffs. (*See* Exh. A, attached hereto.).

12. On November 20, 2006, defendants sent plaintiffs correspondence seeking agreement on the dates left open by the Court in its Scheduling Order.  (*See* Exh. B, attached hereto.).

13. On December 21, 2006, defendants sent plaintiffs another letter indicating their intent to file a Motion to Compel Discovery pursuant to Rule 37 of the Rules of Civil Procedure. (*See* Exh. C, attached hereto.).  In that letter, undersigned counsel also reminded Mr. Neverdon about the proposed dates for the amended Scheduling Order and asked for a response. (*Id.*)

14. On January 3, 2007, counsel for plaintiffs, Mr. Neverdon, faxed the undersigned counsel and indicated that the proposed dates for the Amended Scheduling Order in counsel's October 26, 2006 correspondence were acceptable, and that he would have the Discovery Responses to defendants "within ten (10) days from today's date." (*See* Exh. D, attached hereto.).  In that same letter, Mr. Neverdon indicated that the deposition dates conflicted with his trial schedule, and that defendants should advise as to alternate dates. (*Id.*).

15. On that same day, January 3, 2007,  defendants contacted plaintiffs counsel via facsimile and U.S. Mail and informed him that his responses were overdue, but they would allow plaintiffs the ten additional days to respond. (See Exh. E, attached hereto.). Undersigned counsel also provided Mr. Neverdon with seven alternate dates for the plaintiffs' depositions, and asked that he send a copy of the proposed Amended Scheduling Order for counsel's signature.[2]

16. On January 19, 2007, undersigned counsel filed a Motion to Compel Plaintiffs' Discovery Responses and Depositions.  The Court denied the Motion without prejudice, and instructed the parties to contact her chambers to resolve the discovery dispute via telephone conference.

17. On January 25, 2007, the parties participated in a telephone conference with the Court to discuss the outstanding discovery issues. The Court ordered that the "plaintiffs shall file signed answers to defendants' interrogatories and respond to defendants' document requests no later than February 1, 2007. If any plaintiff fails to comply with this deadline, the Court will entertain a motion to dismiss his case with prejudice as a

4

sanction."

18. On February 2, 2007, undersigned counsel telephoned Mr. Neverdon, counsel for plaintiffs. Undersigned counsel spoke with a Mr. Lee, who informed counsel that he would have Mr. Neverdon call counsel regarding the discovery matters.

19. To date, undersigned counsel has not received the overdue discovery, or received a return phone call from Mr. Neverdon.

20. Discovery is currently scheduled to close in this matter on April 20, 2007. No other court dates or deadlines are set.

II.   ARGUMENT

Under Fed. R. Civ. P. 37(b), a discovering party may move for an order dismissing the lawsuit where a party fails to answer an interrogatory or produce documents as requested under Rules 31, 33 and 34. The motion must certify that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to secure the information without court action. Fed. R. Civ. P. 37(a).

Based on the foregoing, defendants are entitled to an Order dismissing plaintiffs' case for failure to prosecute. Despite the Court's Order and defendants' multiple pleas, plaintiffs have refused to provide **any** response whatsoever to Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents in violation of Rules 33 and 34.

---

2  Plaintiffs' counsel never sent an amended Scheduling Order.

III.   CONCLUSION

For the reasons stated above, defendants respectfully request an order dismissing

plaintiffs' Complaint with prejudice for failure to prosecute.

Respectfully submitted,

LINDA SINGER
Acting Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/Nicole L. Lynch_____
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II


_____/s/Toni Michelle Jackson_____
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail:  toni.jackson@dc.gov

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

**ROBIN RYNN, *et al.,***

           **Plaintiffs,**

   **v.**

**JAMES JAFFE, *et. al.,,***

           **Defendants**

**Civil Action No: 05-2066 (ESH)**

ORDER

Upon consideration of DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE, the Memorandum of Points and Authorities in Support thereof, any opposition thereto, and the entire record herein, it is this _____ day of February, 2007,

ORDERED, that DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE is hereby GRANTED; and it is,

FURTHER ORDERED, that plaintiffs' Complaint is dismissed, with prejudice.

_____
JUDGE ELLEN S. HUVELLE
U.S. DISTRICT COURT JUDGE