## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### Office of the Attorney General



**Civil Litigation Division**
General Litigation, Section II

November 17, 2006

**VIA UNITED STATES MAIL**
Russell Anthony Neverdon, Esquire
2225 St. Paul Street, 2nd Floor
Baltimore, MD 21218

    Re:    Rynn v. District of Columbia, C.A. No. 05-2066

Dear Mr. Neverdon:

    Enclosed, and served upon you, please find Notice of Taking Oral Depositions, and Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents in connection with the above-captioned case.

Sincerely,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

By: *[signature]*
TONI MICHELLE JACKSON
Assistant Attorney General
441 4th Street, N.W., Suite 6S052
Washington, DC 20001
Phone: (202) 724-6602
Fax: (202) 727-3625

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| ROBIN RYNN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No: 05-2066 (ESH) |
| ) | |
| ) | |
| JAMES JAFFE, *et. al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS JAMES JAFFE AND ANTHONY BAKER'S
FIRST SET OF INTERROGATORIES TO PLAINTIFFS AND FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

To: Robin Rynn,
John Rynn, and
Daniel Mason.
c/o Russell Anthony Neverdon, Esq.
2225 St. Paul Street, 2nd Floor
Baltimore, MD 21218

Pursuant to Fed. R. Civ. P. 33, these Interrogatories are directed to each party identified above. Each party so identified is directed to answer each Interrogatory <u>separately and under oath</u>. A copy of your answers to these Interrogatories and any documents or items requested must be served on the attorney for the District of Columbia, within thirty (30) days after service hereof.

INSTRUCTIONS AND DEFINITIONS

1. "Plaintiff" shall mean each plaintiff to this action, his/her present and former agents, representatives, employees, servants, attorneys and/or any business entity over which plaintiff exercises control or its officers, agents, employees or attorneys and all other persons or business entities who or which have acted or

are acting on its behalf, to the extent that any such person or business entity can reasonably be expected to have knowledge or information inquired into by any of the following interrogatories.

2. As used herein, "you," "your," or "yours" means each individual plaintiff to which these interrogatories are addressed, his/her agents, servants, employees, and all other persons acting or purporting to act on his or her behalf.

3. "Defendant(s)" shall mean the District of Columbia ("the District"), Officer James Jaffe and Officer Anthony Baker, their present and former agents, representatives, employees, servants, or attorneys.

4. "The District" shall mean Defendant District of Columbia, its agents, servants, officers or employees.

5. "Communication" shall mean any contact, oral or written, formal or informal, at any time or place and under any circumstances whatsoever, in which information of any nature was transmitted or transferred.

6. "Documents" shall mean any written, recorded, or graphic matter, however produced or reproduced, and includes all matter that relates or refers in whole or in part to the subjects referred to in any of the following interrogatories. If a document has been prepared in several copies, or additional copies have been made, that are not identical (or are no longer identical, by reason of subsequent addition or notation or other modification of copy), each non-identical copy is a separate "document."

7. "Person" as used herein means any natural individual, public or private corporation, partnership, joint venture, proprietorship, voluntary or unincorporated

association, trust, estate or governmental agency, commission, bureau, or department.

8. "Identify" shall mean:

   (a) Where plaintiff is asked to identify a document, plaintiff shall specifically designate:

   (1) the type of document (e.g., letter, inter-office memorandum, report, etc.);

   (2) the date of the document, if any;

   (3) the date on which the document came into plaintiff's possession, if different from the date appearing on the document itself;

   (4) the name or names of the signer or signers of the document;

   (5) the name or names, if any, of the person or persons to whom the document is addressed;

   (6) the title or heading of the documents and its approximate number of pages;

   (7) a brief summary of the subject matter of the document; and

   (8) the present whereabouts of the document, and the identity of the custodian thereof and the identity of persons to whom copies were sent.

   (b) Where plaintiff is asked to identify a person, plaintiff shall furnish information sufficient to enable defendant(s) to identify the person, e.g., his/her name, his/her present (or last known) home and business address, his/her present position, and relevant former positions he/she has held.

   (c) Where plaintiff is asked to identify a communication or contact, plaintiff shall indicate whether it was oral or written; if it was written (or if the oral

3

communication or contact was recorded in any manner), identify the medium of recording and if the communication or contact was oral, identify the person(s) who sent, received, or had knowledge of it.

9. Whenever in the following interrogatories a request to "list" or "identify" documents appears, plaintiff may, if he/she wishes, produce for inspection and copying by defendant's counsel true and correct copies of such document; and such production of copies together with a list of the documents produced will be accepted as compliance with such request.

10. Should plaintiff consider privileged any documents concerning which information or inspection is requested by any of the following interrogatories, plaintiff shall identify such documents in the manner indicated in Paragraph 8(a)(1) through 8(a)(6) and 8(a)(8) above and, in addition to supplying the above noted information concerning such documents, shall indicate that he/she claims privilege therefore and shall briefly state the grounds on which such claim of privilege rests, in order that defendant may have the factual basis to determine whether such documents are in fact privileged.

11. "Incident" shall mean the factual events and circumstances that are the subject of the plaintiff's complaint, from which the plaintiff alleges injury.

## INTERROGATORIES

1. Please provide your identifying information (i.e. name, date and place of birth, and social security number).

2. Please identify (i.e. name, address and telephone number) all witnesses to any part of the events alleged in your Complaint including those which underlie your claim that the defendants used excessive force.

3. Identify (i.e. name, address, telephone number and qualifications) all experts who you propose to call as witnesses, and for each such witness provide the information required by Rule 26(b)(4). State the rate of compensation, the amount of compensation paid to the expert, the subject matter on which the expert is expected to testify, and the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

4. State complete details concerning the plaintiff's employment history for the five (5) years prior to this incident. Please attach a signed authorization for all employment records (Authorization form is attached hereto.).

5. Provide your complete medical history prior to the incident described in your lawsuit, including the names, addresses and telephone number of your regular primary care physician; the name, address, telephone number of your health insurance carrier; the name, address, and telephone number of all hospitals where you were an in or outpatient, and the reasons for the hospitalization; and all illnesses or injuries you suffered prior to the incident, specifying each that you had not fully recovered from prior to the incident.

6. State your complete psychological history prior to the incident described in your lawsuit, including the name, address and telephone number of all the therapists and counselors who have treated or examined you, the names, address and telephone numbers of all hospitals, rehabilitation facilities or clinics and the nature of the service provided, and any illnesses or conditions, including drug and alcohol dependency, for which you have received treatment or counseling and the dates thereof.

7. Give your work schedule, physical, social and other activities for 24 hours before the incident, including the name, address and telephone numbers of all individuals who were with you, when you had gone to bed and arisen, how much alcohol you consumed, and whether you took any prescription or non-prescription medications or drugs, their names and the quantity or dosage.

8. Narrate in your own words and in full, complete and accurate detail the incident described in your lawsuit, including exactly (or if you cannot recall the substance of) what you and each other person who was present said and did.

9. Identify by name, address and telephone number (or describe if the identity is unknown), each law enforcement officer (with badge number, companion or associate of yours, and uninvolved witness on the scene, and furnish the exact words (or if you cannot recall the substance of statements made) and actions taken by each such witness shortly before, during and after the incident.

10. If you claim false arrest, detention or confinement, describe each act or omission which forms the basis of the claim; each law enforcement officer involved; the reasons given for your arrest, detention or confinement and charges made at the scene; the reasons given and charges brought subsequently if different from those made at the scene; the nature of your confinement and the limitations on your movement, e.g. in police cruiser, handcuffs, police station, jail cell; the time, date and place of release and the conditions placed thereon.

11. If you claim excessive force, identify each police officer directly involved, and with respect to each, list each act that constituted excessive force, the implements of force used and by whom, why you believe the force was excessive, and what amount of force you contend would have been reasonable and appropriate under the circumstances.

12. Specify any violation, motor vehicle, or criminal charges brought or threatened against you in connection with the events which form the basis of your complaint, including whether, when and where they were presented to a grand jury, whether, when and in what court the charges were heard and their disposition, i.e., whether nol prossed, a guilty plea, a trial and finding of guilt, and any sentence and fine imposed.

13. If you contend that any police officer who was not on the scene of the incident, any other public official, or a municipal policy, custom, practice, or procedure caused or contributed to cause your injuries, identify each decision, act or omission that you allege fixes liability; each decision maker involved; and the law, regulation, directive, practice or procedure that was employed in derogation of your rights.

14. If you claim a third party (i.e., not an employee of or the municipal law enforcement agency) caused or contributed to cause your injuries, detail the acts or omissions that third party committed, and, if suit was brought, state its status, and, if suit was not brought, the reasons therefor.

15. Provide a complete medical history subsequent to the incident, including any hospitalizations, injuries, and illnesses that you do not relate to the incident; a description of the injuries you did receive in the incident; the diagnostic tests given, where given, and the results; the course of treatment; the names, addresses, and telephone numbers of emergency rooms, hospitals, and clinics where you were an in or out patient and the dates of treatment; the names, addresses, and telephone numbers of all physicians, osteopaths, chiropractors, physical therapists and other health care providers who examined, treated and cared for you, and the dates of service; and the names of all medications taken and the specific purpose for taking them.

16. Chronicle your recovery, including when you experienced pain and discomfort with respect to each injury complained of; the period of time you were unable to perform particular activities around the house and at work, specifying any you say you still cannot perform satisfactorily and all persons who have knowledge thereof; and when you reached a medical endpoint with respect to each injury, indicating which you contend are permanent and providing any medical evidence in your custody or control of the percentage of permanent disability.

17. List in detail any psychological examinations, care or treatment you have received which you attribute to the incident, the name, address and telephone number of each therapist, psychologist, counselor or the like, results of any tests, diagnosis, course and dates of treatment, course of treatment, date you reached an endpoint, and when and whether you have been released from care.

18. Describe your employment since the incident, the dates you intend to show you were fully disabled from work, the dates you were partially disabled from work, your lost wages and any change in job assignment because of the disability, any claims for future lost earnings and earning capacity, and the names, addresses and telephone numbers of all persons having personal knowledge of these losses.

19. Itemize all medical, hospital, doctor, physical therapy, health care provider and counseling bills and expenses, lost wages and earnings, and any other past or future losses, expenses, and other out-of-pocket payments attributable to the event.

20. State whether you, your attorneys, or anyone acting on your behalf have taken any oral or written statements, have in their possession, or know of the existence of any such statements by you or anyone else claiming to have knowledge of the facts concerning the incident complained of, and, if so, state the name, address and telephone number of each such person, and the location and custodian of each such statement.

21. What records, reports, statements, tapes, documents, policies, procedures, handbooks, photographs, drawings, sketches, plans, blueprints, x-rays, and invoices are in the custody or control of you or your attorney relating to the subject matter of this lawsuit?

22. Identify all persons, not heretofore mentioned, who have knowledge of facts material to this case and state the basis of such knowledge.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail: toni.jackson@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| ROBIN RYNN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No: 05-2066 (ESH) |
| ) | |
| JAMES JAFFE, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

### REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, Officer Anthony Baker and Officer James Jaffe, pursuant to Fed. R. Civ. P. 34, request that plaintiffs produce and permit the defendants to inspect, copy and photograph all documents and things in the plaintiffs' possession, custody or control which embody, refer to, or relate to in any way the following subject, other than written materials prepared in anticipation of litigation or for trial:

1. All medical records relating to plaintiff's treatment by any physician, hospital or other health care provider for any substantial illnesses, injuries or disabilities suffered within the last ten (10) years. (Authorization form is attached hereto.)

2. With regard to any medical or financial records referred to in paragraph 1 above that are in existence and in your control but not physically in your possession or custody, please execute authorizations to allow the defendants to obtain and examine copies of such records. (Authorization form is attached hereto.)

3. For all experts you propose to call as witnesses pursuant to Rule 26(b)(4), provide the cases in which the expert has testified at trial or by deposition in the last five years. (Interrogatory No. 3).

4. All photographs, videotapes, diagrams or other representations of the scene or damages sustained as a result of the incident.

5. All written or recorded statements of any person describing the incident or the resultant damages. (Interrogatory Nos. 9, 20 and 23).
6. All correspondence between plaintiff and the District of Columbia, its employees or agents relating to the incident.
7. Any written grievance, complaint or inquiry to any person regarding plaintiff's allegations in this case.
8. All documents obtained through subpoena or records deposition.
9. All documents from any other cases or actions referred to in your Complaint and/or your Answers to Interrogatories propounded by the District of Columbia.
10. All documents identified in your answers to Interrogatories of any party.

The defendants request that all documents and items requested be produced at the offices of the defendant's attorney, Toni Michelle Jackson, Assistant Attorney General, 441 4th Street, N.W., Suite 6S052, Washington DC 20001, on the 30th day after the service of this Request, except that compliance with this Request may be made by mailing copies of such documents to the defendant's attorney, such mailings to be postmarked prior to the 30th day following service hereof.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

———————————————
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

*/s/ Toni Michelle Jackson*
———————————————
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001

(202) 724-6602
(202) 727-3625 (fax)
E-mail: toni.jackson@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November, 2006, I caused the foregoing Interrogatories and Requests for Production of Documents to be sent to plaintiff, by mailing the foregoing first-class, postage prepaid, to:

Russell Anthony Neverdon, Esquire
2225 St. Paul Street, 2nd Floor
Baltimore, MD 21218

/s/ Toni Michelle Jackson
TONI MICHELLE JACKSON
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| ROBIN RYNN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No: 05-2066 (ESH) |
| ) | |
| JAMES JAFFE, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF TAKING ORAL DEPOSITIONS**

PLEASE TAKE NOTICE that the undersigned counsel will take the depositions of the individuals listed below on the date and at the time indicated in the offices of the District of Columbia Office of the Attorney General, One Judiciary Square, 441 Fourth Street, N.W., Sixth Floor South, Washington, D.C. The depositions will take place before a Notary Public or some other individual authorized to administer an oath.

| Person to be Deposed | Date | Time |
|---|---|---|
| Robin Rynn | February 27, 2007 | 9:30 a.m. |
| John Rynn | February 27, 2007 | 2:00 p.m. |
| Daniel Mason | February 28, 2007 | 9:30 a.m. |

The depositions will continue from day to day until completed.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General

GEORGE C. VALENTINE
Deputy Attorney General

Civil Litigation Division

---

NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

*/s/ Toni Michelle Jackson*
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail: toni.jackson@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November, 2006, I caused the foregoing Notice of Taking Oral Depositions to be sent to plaintiffs, by mailing the foregoing first-class, postage prepaid, to:

Russell Anthony Neverdon, Esquire
2225 St. Paul Street, 2nd Floor
Baltimore, MD 21218

*/s/ Toni Michelle Jackson*
TONI MICHELLE JACKSON
Assistant Attorney General